IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| POWEROASIS, INC. and, )<br>POWEROASIS NETWORKS, LLC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WAYPORT, INC., )<br>)<br>Defendants. ) | Civil Action No. _____ |

## AFFIDAVIT OF THOMAS M. DUFF, JR.

I, Thomas M. Duff, Jr., hereby depose and say as follows:

1. I make this Affidavit on the basis of my personal knowledge of the facts stated herein. I am President of PowerOasis, Inc. ("PowerOasis"), a privately held company incorporated in the state of New Hampshire with its principal place of business in Nashua, New Hampshire. I have been an officer of PowerOasis since its formation in 1997.

2. PowerOasis provides wired and wireless Internet access and other telecommunications channel access to members of the public in airports and other public places.

3. PowerOasis presently provides its services in twenty-one airports located in sixteen different states and in eight public buildings in other public facilities located in five states.

4. PowerOasis' service is covered by four United States patents, of which I am co-inventor, and which are assigned to PowerOasis Network, LLC and licensed exclusively to PowerOasis, namely: U.S. Patent Nos. 5,812,643, 6,314,169 B1, 6,466,658 B2, 6,721,400 B2. PowerOasis' service is also covered by Canadian Patent No. CA 2,227,589. A copy of U.S.

Patent No. 6,466,658 B2 (the " '658 patent") is attached hereto as Exhibit 1. A copy of U.S. Patent No. 6,721,400 B2 (the " '400 patent") is attached hereto as Exhibit 2. The '658 and '400 patents are for the vending of telecommunications access to customers, such as wired or wireless Internet access by customers using laptop computers in airports and other public places.

5. Wayport, Inc., ("Wayport") is a company that provides high-speed wireless and wired Internet service in hotels and airports. The "Corporate Overview" page from Wayport's website, www.wayport.com, is attached hereto as Exhibit 3.

6. PowerOasis and Wayport compete directly in airports and elsewhere for customers who wish to obtain wired or wireless Internet access using their laptop computers.

7. The document entitled "Wayport High-Speed Internet in Hotels and Airports Worldwide," taken from Wayport's website, is attached hereto as Exhibit 4. According to this document, Wayport provides high-speed Internet services in at least twenty-one hotels in Massachusetts.

8. The document entitled "Fast Net For People On The Move," taken from Wayport's website, is attached hereto as Exhibit 5. This document states that, "Wayport's payment options allow you to use and pay for our service however it's most convenient for you: Pay as you go, or save money with a Prepaid Connection Card or Wayport Membership."

9. I clicked on "Pay as you go" in this Web page, and was taken to the Wayport Pricing Chart attached hereto as Exhibit 6. The Wayport Pricing Chart states that a "Single hotel connection" costs "Typically $9.95 (but may vary by location)" and provides "Unlimited high-speed Net in a guestroom or a common area, valid from purchase time until next hotel check-in time (guestroom/wired) or midnight (Wi-Fi wireless). Charge to your credit card or hotel bill." The Wayport Pricing Chart specifies that a "Single airport connection" costs "$6.95" and

provides "Unlimited high-speed Net at an airport (via Wi-Fi wireless access), valid from purchase time until midnight. (Charge to your credit card.)"

10. The document entitled "Wayport General Connection Guide, Connection Information for Wired Ethernet Connections in Hotel Guestrooms," taken from Wayport's website, is attached to this Affidavit as Exhibit 7.

11. The document entitled "Connection Information for Wi-Fi Wireless Ethernet connections (Hotels and Airports)," taken from Wayport's website, is attached to this Affidavit as Exhibit 8.

12. On May 25, 2001, I walked into the lobby of the Wyndham Boston Hotel located at 89 Broad Street, Boston, Massachusetts.

13. While in the lobby of the Wyndham Boston Hotel, I booted up my laptop computer which contained a wireless Ethernet network interface card.

14. I then started my browser, and it displayed the "Welcome to Wayport" page shown in Exhibit 9. This page provided five Wayport "Connection Options," including "Buy A Connection ($9.95)." I clicked on that option.

15. My computer then displayed the "Purchase A Connection" page shown in Exhibit 10. This page offered several choices for "Service Period," ranging from "1 day for $9.95" up to "10 days for $99.50." I selected the service period of "1 day for $9.95," entered my credit card information, and clicked on the button labeled "Click Here to Continue."

16. My computer then displayed the page shown in Exhibit 11, indicating my selection, and stating: "Thank you - you have selected to purchase a one (1)-day connection. Each day of connection ends at Midnight. **Your connection will expire at 12:00 AM on Wednesday, May 26.**" (Bold in original) The page also displayed the Wayport Acceptable Use Policy and the Wayport Security Information And Liability Disclaimer, and stated: "By clicking

3

on the button below, you are agreeing to the above statements and authorizing Wayport to charge the total amount shown above to the credit card you have specified." I clicked on the button labeled "Click Here To Continue" at the bottom of the page shown in Exhibit 12.

17. My computer then displayed the window shown in Exhibit 13, stating: "Please wait while your credit card is being authorized. This process will take 15-45 seconds. You must click OK to continue." I clicked "Ok."

18. My computer then displayed the page shown in Exhibit 14, which stated: "Thank you, Thomas M. Duff, Jr. – your American Express card has been charged $9.95 USD for Wayport service. After you click below to connect, a receipt will be provided in another window. You may save this image for your records. Simply close the receipt window to begin browsing." I then clicked on the button labeled "Click Here to Connect."

19. My computer then displayed the invoice shown in Exhibit 15, followed by the security information window shown in Exhibit 16.

20. My computer then displayed the "Wayport User Survey" shown in Exhibit 17. I clicked the "Close" button.

21. My computer then displayed the screen shown in Exhibit 18, stating: "You are now connected to the Internet."

22. I proceeded to access the Internet and copied the page shown in Exhibit 19.

23. On June 3, 2004, I took a room in the Wyndham Hotel in Andover, Massachusetts. In my room, I found a Wayport brochure shown in Exhibit 20 advertising Internet access in the room. On top of the table in my room was a 3" diameter paper-weight type device labeled "Wayport, High Speed and Internet Access." The device had an RJ-45 Ethernet connector on one side and a cable on the other side. Following the cable, I found a Wayport "Model Brick" attached to the bottom of the desktop, along with an AC power module that

4

powers the "Brick." The Brick displayed a red light. The "Brick" is a four-port device that also wires to the phone and the wall. The front desk offered me a 1-foot cable to make the Ethernet connection.

24.     I connected the Ethernet cable to my laptop computer and to the paper-weight type device. Once connected, I observed the standards lights on the Ethernet connection on my laptop.

25.     Exhibit 21 is a copy of my screen display once I connected the Ethernet cable and booted up my laptop, showing the Wayport "Connection Options." I highlighted the various "Connection Options," and was shown the information screens attached as Exhibit 22.

26.     When I clicked on the "Roaming Connection" option, I was shown the screen attached as Exhibit 23 for the Wayport Roaming Service, requesting the customer to select their roaming service provider from the drop-down list provided.

27.     When I clicked on the "Buy A Connection ($9.95)" option, I was shown the screen attached as Exhibit 24, stating: "Purchase A Connection. Receive unlimited Internet access at this location for only $9.95 per day for 1 or more days, per computer – plus tax, where applicable. Each day of connection ends at 3:00 PM. If you purchase one (1) day at this time, your connection will expire at 2:59 PM tomorrow. You may disconnect and reconnect as often as you like during this time period without additional charges. . . . All fees will be charged to your room. . . . Please select the number of days of connection you wish to purchase, then click below to continue." I selected "$9.95 for 1 days ($9.95/day)," and clicked the button to "continue."

28.     I was then shown the screen attached as Exhibit 25, stating: "**Thank You** – you have chosen to purchase **a one (1) day connection** for **$9.95**. This connection will expire at **2:59 PM tomorrow.**" (Bold in original) The screen also displayed the Wayport Acceptable Use

5

Policy and the Wayport Security Information And Liability Disclaimer, and stated "click the button below to complete your connection." I clicked the button labeled "I AGREE TO THE ABOVE AND WISH TO CONNECT."

29. My computer then displayed the screen shown in Exhibit 26, stating: "You are now connected to the Internet." I then browsed the Internet.

30. Upon checking out I was presented with the hotel bill attached as Exhibit 27.

31. The Wayport equipment providing me with wireless Internet access in the lobby of the Wyndham Boston Hotel ("Wayport Wyndham wireless equipment") included, upon information and belief, a wireless access point/router and an authentication/billing server.

32. The Wayport equipment providing me with wired Internet access in a hotel room at the Wyndham Hotel in Andover, Massachusetts ("Wayport Wyndham wired equipment") included, upon information and belief, a wired Ethernet access point/router and an authentication/billing server.

33. With reference to the '658 patent attached as Exhibit 1, and the '400 patent attached as Exhibit 2, the Wayport Wyndham wireless equipment and the Wayport Wyndham wired equipment that provided me Internet access constitute a "vending machine for vending telecommunications channel access to a customer," as stated in the preamble of Claim 1 of the '658 and '400 patent, as shown by transactions described above by which I was able to purchase Internet access using Wayport's "pay as you go" service.

34. The Wayport Wyndham wireless equipment includes "a payment mechanism for receiving payment from the customer," as stated in the first element of Claim 1 of the '658 patent, and "a payment mechanism for obtaining payment information from a customer to initiate a vending transaction," as stated in the first element of Claim 1 of the '400 patent, as shown, for example, in the page displayed on my computer that requested and permitted me to input my

6

credit card information, combined with the equipment for transmitting that information to and through the credit card processing system by means of which my credit card purchase of Internet access was approved.

35. The Wayport Wyndham wired equipment includes "a payment mechanism for receiving payment from the customer," as stated in the first element of Claim 1 of the '658 patent, and "a payment mechanism for obtaining information from a customer to initiate a vending transaction," as stated in the first element of Claim 1 of the '400 patent, as shown, for example, in the page displayed on my computer that requested and permitted me to authorize a charge on my hotel bill for Internet access, combined with the equipment for transmitting that information to the hotel's billing system.

36. The Wayport Wyndham wireless equipment and the Wayport wired equipment include "a customer interface for indicating the status of said vending machine," as stated in the second element of Claim 1 of the '658 and '400 patents, as shown, for example, by the various screens shown in Exhibits 9-18, and Exhibits 21-26, including the screens informing me: "You are now connected to the Internet."

37. The Wayport Wyndham wireless equipment and the Wayport Wyndham wired equipment include "an electronic circuit for determining when the vending transaction is completed," as stated in the third element of Claim 1 of the '658 and '400 patents, as shown, for example, by the electronic circuit that terminated my wireless Internet access at the end of the 1-day period for which I paid, ending at 12:00 AM on Wednesday, May 26, as shown in Exhibits 10 and 11, and the electronic circuit that terminated my wired Internet access at the end of the 1-day period for which I paid, ending at 2:59 PM on June 4, as shown in Exhibits 24 and 25.

38. The Wayport Wyndham wireless equipment and the Wayport Wyndham wired equipment include "a telecommunications channel access circuit adapted to be connected to at

least one external telecommunications channel for enabling access to the at least one external telecommunications channel at the beginning of a vending transaction and disabling access at the end of the vending transaction," as stated in the fourth element of Claim 1 of the '658 and '400 patents, as shown, for example, by the wireless access point/router or wired router networked to an authorization/billing server enabling access to an external telecommunications channel for access to the Internet with a routable IP address at the beginning of a vending transaction and disabling access at the end of the vending transaction.

39. The Wayport Wyndham wireless equipment and the Wayport Wyndham wireless equipment include "a telecommunications communications channel access connector connected to said telecommunications channel access circuit for enabling a connection to an external telecommunications device of the user," as stated in the fifth element of Claim 1 of the '658 and '400 patents, as shown, for example, by the wired or wireless connection between the user's laptop computer and a telecommunications channel access circuit for access to the Internet.

40. The Wayport Wyndham wired equipment and the Wayport Wyndham wireless equipment include "a control unit having a storage device for storing payment information received from the customer and for controlling said electronic circuit and said telecommunications channel access circuit," as claimed in the sixth element of Claim 1 of the '658 patent, as shown, for example, by the authentication server that receives payment information and authorizes Internet access through a wireless or wired access point or router.

41. The Wayport Wyndham wired equipment and the Wayport Wyndham wireless equipment include "a control unit having a device for receiving payment from the customer and for controlling said electronic circuit and said telecommunications channel access circuit," as claimed in the sixth element of Claim 1 of the '400 patent, as shown, for example, by the

authentication server that receives payment information and authorizes access through a wireless or wired access point or router.

42. PowerOasis and PowerOasis Networks, LLC have suffered, and continue to suffer, irreparable harm because of conduct by Wayport that infringes Claim 1 of the '658 patent and Claim 1 of the '400 patent for the reasons set forth above. In particular, Wayport has deprived PowerOasis of the ability to sell and expand its services to an extent that cannot be calculated, but that has severely hampered PowerOasis in its effort to expand its business.

43. Unless a preliminary injunction is granted, Wayport will continue to infringe the '658 and '400 patents and will continue to cause irreparable harm to Plaintiffs.

Signed on the basis of my personal knowledge and under the pains and penalties of perjury this 10th day of September, 2004.

_____
Thomas M. Duff, Jr.

COMMONWEALTH OF MASSACHUSETTS
SUFFOLK SS:

Then appeared before me the above-named Thomas M. Duff, Jr. and gave oath that the foregoing statements are true of his personal knowledge this 10 day of September, 2004.

_____
Notary Public

My Commission Expires: 10/1/04

9