**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| POWEROASIS, INC. and POWEROASIS NETWORKS, LLC,    Plaintiffs, v. WAYPORT, INC.,    Defendant. | Civil Action No.: 04-12023-RWZ  Hon. Rya W. Zobel |

**STIPULATED PROTECTIVE ORDER**

The Parties agree that this action may involve the production or disclosure of confidential, sensitive or proprietary business information, or trade secrets (collectively referred to as "Confidential Information"), and hereby stipulate, subject to approval of the Court, to the following as a Protective Order which shall govern the production or disclosure of Confidential Information to ensure the continued confidentiality and that no competitive advantage is obtained by any person.

1. INTRODUCTION AND SCOPE

This Protective Order shall govern the production or disclosure of any record or information designated as Confidential Information and produced by the parties or their agents during the course of discovery, pretrial proceedings, or trial in this suit, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, interrogatory answers, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or

other formal method of discovery. In addition, the parties contemplate that Confidential Information may be produced by a non-party. This Protective Order shall also govern any designated record or information produced in this action pursuant to required disclosures under any federal procedural rule or District of Massachusetts Local Rule, and any supplementary disclosures thereto. This Protective Order shall apply to the two categories of Confidential Information listed below in Paragraph 2.

2.   <u>DESIGNATION</u>

In connection with discovery proceedings in this action, any party may designate any non-public document, material, or information as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY."

"<u>CONFIDENTIAL</u>" means non-public testimony, information, documents, and data that constitute confidential business or technical information.

"<u>CONFIDENTIAL–ATTORNEY'S EYES ONLY</u>" means non-public testimony, information, documents, and data that constitute confidential business or technical information which is reasonably considered by the parties to be highly sensitive because it contains competitive business information such as customer lists, trade secrets, product design information, pending patent applications, marketing or sales planning information, or cost, pricing, or other similar information. It is the intention of the parties to designate documents and information under this more restricted level of confidentiality on a limited basis and only where there would be a likelihood of competitive harm from disclosure of the documents or information to the other party without such a designation.

3. <u>NOTICE AND MARKINGS</u>

Any documents, material or information may be designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" by stamping the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" on each page of the documents, material or information prior to production.

Any party may designate any portion or all of a deposition as Confidential Information by notifying the other parties on the record during the deposition or in writing within thirty (30) days of the receipt of the transcript. The parties shall automatically treat all information disclosed at a deposition as CONFIDENTIAL-ATTORNEY'S EYES ONLY for thirty (30) days after receipt of the transcript.

4. <u>INADVERTENT FAILURE TO DESIGNATE</u>

Failure to designate or stamp as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEY'S EYES ONLY" at the time of production shall not be a waiver of the protection for Confidential Information provided that counsel promptly notifies the receiving party upon realizing the failure. However, the receiving party shall not be in violation of this Protective Order for any disclosure of information made prior to receiving such notice.

5. <u>OBJECTION TO DESIGNATION</u>

If a party receiving designated Confidential Information objects to the designation, it shall treat the information as it is designated until the parties resolve the dispute by agreement or by order of the Court. No party shall be obligated to challenge the propriety of any designation and failure to do so shall not preclude a subsequent challenge to the propriety of such designation. On any motion challenging the designation of any document or other record or information as CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY**,** the

burden of justifying the designation shall lie with the designating party. If a party seeks declassification or removal of particular items designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY from this Protective Order on the ground that such confidentiality is not necessary to protect the interests of the party furnishing the document, information or other thing, the following procedure shall be utilized:

    a.    The party seeking such declassification or removal shall give counsel for the other party written notice thereof by hand or facsimile, specifying the document, information or other thing as to which such removal is sought and the reasons for the request;

    b.    If, after conferring, the parties cannot reach agreement concerning the matter within ten (10) business days after the delivery of the notice, then the party requesting the declassification or removal of particular items designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY from this Protective Order may file and serve a motion for a further Order of this Court directing that the document, information or other thing shall be declassified or removed.

6.    <u>USE OF CONFIDENTIAL INFORMATION</u>

All Confidential Information as defined herein shall be used solely for the purpose of this action and shall not be used for any other purpose.

    A.    Confidential Information which has been designated "CONFIDENTIAL" shall be disclosed only to:

        (1)    The attorneys of record in this action and their employees or contractors (such as photocopy services) who are assisting them in this action;

(2) Independent Experts who have been retained by the party or its attorneys for this action and have been disclosed pursuant to Paragraph 8 below, provided that each Independent Expert first executes an "Acknowledgement" in the form attached;

(3) Officers, directors, or employees of the parties who require the information to assist in or evaluate this action, provided that each such person first executes an "Acknowledgement" in the form attached;

(4) The Court and persons associated with or employed by the Court whose duties require access to the information;

(5) The author of the document and any person identified as a recipient of the document on its face;

(6) The officer taking, reporting or videotaping a deposition and employees of such officer to the extent necessary to prepare the transcript of the deposition; and

(7) Graphics or design services retained by the parties or counsel who first execute an "Acknowledgement" attached hereto as Exhibit A.

B. Confidential Information, which has been designated "CONFIDENTIAL- ATTORNEY'S EYES ONLY," shall be disclosed only to:

(1) The attorneys of record in this action and their employees or contractors (such as photocopy services) who are assisting them in this action. Any Attorney of record who reviews, or is informed of the subject matter of, CONFIDENTIAL- ATTORNEY'S EYES ONLY information that is technical research and development information or pending patent

applications of another party may not engage in the preparation or prosecution of patent applications that include claims directed to the subject matter of such technical research and development information or pending patent application of the other party for two (2) years from the date such CONFIDENTIAL- ATTORNEY'S EYES ONLY information is produced.  The Designating Party shall indicate at the time of production, by Bates number or on the face of the documents, any CONFIDENTIAL-ATTORNEY'S EYES ONLY information that is subject to the two year exclusion.  This restriction shall only apply to individual counsel who reviews, or is informed of the subject matter of, such material and shall in no way be imputed to other counsel at the same law firm who do not review such materials, including counsel involved in patent procurement;

(2)  One in-house counsel for each party responsible for the oversight of this litigation, provided that such in-house counsel first executes an "Acknowledgement" in the form attached.  In-house counsel designated under this provision shall take reasonable security measures to prevent disclosure of CONFIDENTIAL–ATTORNEY'S EYES ONLY information to anyone other than those designated herein as being authorized to have access to such information.  In-house counsel who reviews, or is informed of the subject matter of, CONFIDENTIAL-ATTORNEY'S EYES ONLY information that is technical research and development information or pending patent applications of another party may not engage in the preparation or prosecution of patent applications

that include claims directed to the subject matter of such technical research and development information or pending patent application of the other party for two (2) years from the date such CONFIDENTIAL- ATTORNEY'S EYES ONLY information is produced.  The Designating Party shall indicate at the time of production, by Bates number or on the face of the documents, any CONFIDENTIAL- ATTORNEY'S EYES ONLY information that is subject to the two year exclusion;

(3)     Independent Experts who have been retained by the party or its attorneys for this action and have been disclosed pursuant to Paragraph 8 below, provided that each Independent Expert first executes an "Acknowledgement" in the form attached;

(4)     The author of the document and any person identified as a recipient of the document on its face;

(5)     The Court and persons associated with or employed by the Court whose duties require access to the information;

(6)     The officer taking, reporting or videotaping a deposition and employees of such officer to the extent necessary to prepare the transcript of the deposition; and

(7)     Graphics or design services retained by the parties or counsel who first execute an "Acknowledgement" attached hereto as Exhibit A.

7.     REDACTIONS

Counsel for a party producing documents may mask ("redact") material deemed exempt from discovery because of the attorney-client privilege or work product immunity afforded by

Rule 26(b), Fed. R. Civ. P.  However, any document from which material is masked must identify in the masked area that masking or redaction has occurred.  The reason for any such masking must be stated either on the document itself or on a privilege log which accompanies the produced documents.  The redacting party shall bear the burden of proof with respect to the propriety of the redaction.

8.      IDENTIFICATION OF EXPERTS

If any party desires to give, show, make available or communicate documents or information designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY to any independent expert pursuant to Paragraphs 6(A)(2) or 6(B)(3) above, it must first identify in writing the independent expert to whom it intends to give or disclose such documents or information to the attorneys for the other parties, who shall have ten (10) business days from receipt of such notice to object to disclosure to any of the experts so identified and setting forth the reason for the objection.   Such identification shall include, at least, the full name and professional address and/or affiliation of the proposed expert, and a current curriculum vitae identifying at least all other present and prior employments or consultancies of the expert.  The parties shall attempt to resolve any objections informally.  If the objections cannot be resolved, the party seeking to disclose the CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY information to the expert may move for an Order of Court allowing the disclosure.  In the event objections are made and not resolved informally, disclosure of CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY documents and information to the expert shall not be made except by Order of the Court.  The party objecting to disclosure of CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY information to an expert or consultant to whom objection has been made may (but is not required to) move for relief from

the Court. The party objecting to the disclosure shall bear the burden of proving that the disclosure is inappropriate.

9.  INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION

If a producing party inadvertently discloses to a receiving party information that is privileged or otherwise immune from discovery, said producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned or destroyed, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity. The receiving party will immediately return the item or items requested (including any copies thereof as well as any notes or other materials reflecting the content of any such item) and refrain from any use of such information. Provided, however, that the party having returned such inadvertently produced item or items of information may thereafter, without asserting waiver because of inadvertent production, seek production of any such documents in accordance with the Federal Rules of Civil Procedure.

10. RELATED DOCUMENTS

Documents and information designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY shall include (a) all copies, extracts and complete or partial summaries prepared from such documents or information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda or any other writing filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (d) designated deposition testimony; and (e) designated testimony taken at a hearing or other proceedings.

11. <u>**CONFIDENTIAL INFORMATION SUBMITTED TO COURT**</u>

Any designated Confidential Information to be filed by a party with the Court, including briefs, memoranda, transcripts, or other filings that disclose the substance or content of the Confidential Information, shall be filed in accordance with Local Rule 7.2, provided that a party may file a motion for impoundment of Confidential Information concurrently with the materials sought to be impounded. In the event that a party files a motion for impoundment at the same time as the actual material sought to be impounded and the motion for impoundment is denied in whole or in part, the party that sought impoundment shall have ten (10) business days from the denial of the motion for impoundment to retrieve any Confidential Information and/or file with the Court a version of the material that complies with the Court's order. The parties hereby consent to any motion seeking impoundment of Confidential Information.

Prior to the disclosure of any Confidential Information or the substance or content thereof at the trial or any hearing of this action, notice shall be given to counsel for the party producing such Confidential Information and the Court will entertain motions to assure that the disclosure occurs only in the presence of persons authorized to have access to the Confidential Information.

12. <u>**CONFIDENTIALITY OF PARTY'S OWN DOCUMENTS**</u>

No person may disclose, in public or private, any designated information or documents of another party except as provided for in this Protective Order, but nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, consultants or experts, or to any other person, information or document designated by it as CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information or documents in violation of it.

13. <u>CONFIDENTIAL INFORMATION FROM A NON-PARTY</u>

If any non-party is to produce any documents or information to parties in this action that the non-party reasonably believes contains Confidential Information, the non-party shall have the same rights and responsibilities as the parties to designate documents and information as Confidential Information under this Protective Order.

14. <u>OBLIGATIONS OF PARTIES</u>

Each of the parties named above and their counsel of record undertakes to abide by and be bound by the provisions of this Protective Order and to use due care to see that its provisions are known and adhered to by those under its supervision or control.  Nothing in this Protective Order shall bar counsel from rendering advice to their client with respect to this litigation and, in the course thereof, relying upon any Confidential Information.

15. <u>TERMINATION OF LITIGATION</u>

Within ninety (90) days of the final conclusion or final settlement of this litigation and any appeal thereof, all persons subject to the terms hereof shall (i) destroy or assemble and return to the producing party all Confidential Information, and (ii) shall destroy any outlines, summaries, abstracts, compilations, memoranda, documents and the like which constitute, embody, contain, or disclose the contents of Confidential Information; except that Counsel may retain one archival copy of court filings and one copy of deposition and trial transcripts (including one copy of exhibits thereto) containing Confidential Information which materials will otherwise remain subject to this Protective Order.

The terms of this Protective Order shall survive and remain in full force and effect after the termination of this lawsuit and the Court shall have jurisdiction over the parties, their

attorneys, and all persons to whom Confidential Information has been disclosed for the purpose of enforcing the terms of this Protective Order and/or redressing any violation thereof.

16.  ADDITIONAL PROTECTION

Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Protective Order with respect to particular material designated hereunder.

This the 19th day of October, 2004.

**AGREED AND STIPULATED TO:**

| | |
|---|---|
| /s/ Sibley P. Reppert | /s/ David B. Bassett |
| Sibley P. Reppert (BBO # 416900) | William F. Lee (BBO #291960) |
| William A. Schofield, Jr. (BBO # 448940) | David B. Bassett (BBO #551148) |
| LAHIVE & COCKFIELD, LLP | Dominic E. Massa (BBO #564694) |
| 28 State Street | Amr O. Aly (*pro hac vice* application pending) |
| Boston, MA 02109 | WILMER CUTLER PICKERING |
| Tel.: (617) 227-7400 |    HALE AND DORR LLP |
| Fax: (617 742-4214 | 60 State Street |
|  | Boston, MA 02109 |
| *Attorneys for Plaintiffs PowerOasis, Inc.* | Tel: (617) 526-6000 |
| *and PowerOasis Networks, LLC* | Fax: (617) 526-5000 |
|  |  |
|  | *Attorneys for Defendant Wayport, Inc.* |

**IT IS ORDERED** that the Protective Order agreed to by the parties shall govern the disclosure and use of confidential information in this action.

Dated:_____, 2004.

_____
Rya W. Zobel
United States District Court Judge

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| POWEROASIS, INC. and ) <br> POWEROASIS NETWORKS, LLC, ) <br>            ) <br>        Plaintiffs, ) <br>            ) <br>    v.       ) <br>            ) <br> WAYPORT, INC., ) <br>            ) <br>        Defendant. ) | Civil Action No.: 04-120333-RWZ <br><br> Hon. Rya W. Zobel |

**ACKNOWLEDGEMENT**

I, _____, hereby acknowledge receipt of a copy of the Stipulated Protective Order ("Order") in the above captioned action.  I am familiar with the provisions of the Order and agree to be bound by it.  I agree not to copy or to use any Confidential Information for any purpose other than in connection with the instant action, and agree not to reveal any or all such Confidential Information to any person not authorized by this Order.

I further acknowledge and understand that for any violation of the provisions of said Order I am subject to the penalties of the Court and any and all penalties imposed upon me by law.  I hereby submit to the jurisdiction of the Federal District Court for the District of Massachusetts for the purpose of enforcement of the Order and voluntarily waive any and all objections to jurisdiction and venue with regard to the same.

_____        _____
Name                                                                        Dated