# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| POWEROASIS, INC. and ) <br> POWEROASIS NETWORKS, LLC, ) <br> ) <br>     Plaintiffs - ) <br>       Counterclaim Defendants, ) <br> ) <br> v. ) <br> ) <br> WAYPORT, INC., ) <br> ) <br>     Defendant - ) <br>       Counterclaim Plaintiff. ) <br> ) | Civil Action No.: 04-12023-RWZ <br><br> Hon. Rya W. Zobel |

**SUPPLEMENTAL DECLARATION OF DR. EDMOND S. COOLEY**

I, Dr. Edmond S. Cooley, make oath and state as follows:

1.  I have been retained as a technical expert in this case by counsel for defendant Wayport, Inc. ("Wayport").

2.  I understand that plaintiff PowerOasis, Inc. and PowerOasis Networks, Inc. (collectively "PowerOasis") has filed reply papers with the Court in support of its motion seeking a Preliminary Injunction against Wayport for its alleged infringement of claim 1 of United States Patent No. 6,466,658 (the "'658 patent") and claim 1 of United States Patent No. 6,721,400 (the "'400 patent") (collectively the "PowerOasis patents"). I further understand that in its reply papers, PowerOasis has suggested that Wayport infringes claims 18, 20, 31 and 35 of the PowerOasis patents.

3.  I have been asked to supplement my opinion with respect to validity of and alleged infringement of the PowerOasis patents, as originally expressed in my declaration filed on November 4, 2004, and to address PowerOasis' new allegation with respect to claims 18, 20,

31 and 35 of the PowerOasis patents.

4. As explained in my first declaration, it is my opinion that Wayport's products do not infringe the inventions described in the PowerOasis patents. I have reviewed PowerOasis's reply papers and saw nothing in them that alters my opinion that Wayport does not infringe claim 1 of the PowerOasis patents. The new arguments regarding claims 18, 20, 31 and 35 do not change my opinion in any way.

5. I understand that claims 18, 20, 31 and 35 are dependent claims that depend either directly or indirectly from claim 1. I have been informed and understand that a dependent patent claim cannot be infringed if the claim from which it depends (here claim 1) is not infringed. For at least this reason, it is my opinion that dependent claims 18, 20, 31 and 35 are also not infringed.

6. As discussed in my first declaration, it is my opinion that claim 1 of the '658 patent and claim 1 of the '400 patent are fully anticipated by at least United States Patent No. 4,517,412 to Newkirk et al. (the "Newkirk patent"). I have reviewed PowerOasis's reply papers and saw nothing in them that alters my opinion that claim 1 of the PowerOasis patents are invalid. The addition of claims 18, 20, 31 and 35 do not change my opinion in any way for the reasons described below.

7. The Newkirk patent discloses a jack 24 in Figure 4, which as I explained in my first declaration, is the claimed "telecommunications channel access connector" of claim 1. (Newkirk patent, col. 11, ll. 5-8 ("Jack 24 is adapted to receive a standard modular plug 26 coupled by an extension cable 27 to a portable computer or data transmission device 28.")). In 1983 when the Newkirk patent was filed, the disclosed data jack 24 provided users with a connection for a portable computing device to a telephone line at the highest bandwidth available

at that time. Therefore, the Newkirk patent anticipates claim 18.

8. Claim 20 further defines the high bandwidth telecommunications access channel connector of claim 18 as comprising a copper line connector. The standard telephone jack that existed in the 1983 time frame when the Newkirk patent was filed was an RJ 11 jack, which was a copper line connector in that it connected to copper telephone lines. Therefore, the Newkirk patent anticipates claim 20.

9. Technology has evolved since 1983 when the Newkirk patent was filed. Several high bandwidth channel services such as ISDN or DSL were developed and made available to telecommunication users before the PowerOasis patents were filed. Moreover, connections to the Internet via Internet Service Providers from, e.g., public telephones, and wireless transceivers to connect users to external telecommunications devices were developed and made available to the public before the PowerOasis patents were filed.

10. It is my opinion that it would have been obvious to one of ordinary skill in the art to modify the device depicted in Fig. 4 of the Newkirk patent to modify data jack 24 to use the latest technology for data jacks. In addition, it is my opinion that it would have been obvious to one of ordinary skill in the art to modify the device depicted in Fig. 4 of the Newkirk patent to provide a user with an Internet connection via an Internet Service Provider. Therefore, it is my opinion that claims 18, 20, 31 and 35 are obvious.

11. I have reviewed the Declaration of Matthew M. Krenzer, which I understand is being submitted to the Court with my supplemental declaration. To the extent PowerOasis argues that the claims of its patents cover the Wayport systems that exist today, based upon my review of Mr. Krenzer's Declaration, it is my opinion that the PowerOasis patents are invalid in view of the Wayport systems that were deployed and in use prior to June 15, 2000.

- 4 -

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated this 12 day of November, 2004 in Hanover, New Hampshire.

_____
Dr. Edmond S. Cooley