IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| POWEROASIS, INC. and<br>POWEROASIS NETWORKS, LLC,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>WAYPORT, INC.<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　Civil Action No. 04-12023 RWZ<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION
FOR LEAVE TO FILE SUPPLEMENTAL DECLARATIONS
AND CORRECTED SUPPLEMENTAL DECLARATION**

Plaintiffs PowerOasis, Inc., and PowerOasis Networks, LLC, ("PowerOasis") hereby respond to the motions filed by Defendant Wayport. Inc., for leave to file a supplemental declaration of Edmond S. Cooley, a declaration of Matthew Krenzer, and a further "corrected" supplemental declaration of Edmond S. Cooley.

Ordinarily, PowerOasis would not take the Court's time to oppose or respond to either of the motions filed by Wayport.  If Wayport had inquired of PowerOasis' counsel prior to filing these motions, it is likely that PowerOasis would have consented freely to the filing of supplemental declarations.  However, having now had an opportunity to see the declarations, and hear Wayport's counsel's arguments to the Court based thereon, PowerOasis wishes to briefly note the deficiencies of these declarations as a matter of law.

The supplemental and "corrected" supplemental declarations of Wayport's expert, Mr. Cooley, do no more than state conclusory opinions on the issues of infringement and

- 1 -

validity, without the necessary substantive factual analysis.  Mr. Cooley misconstrues the term "high bandwidth" in claim 18 to cover the traditional "plain old telephone system" ("POTS") in order to argue anticipation of claims 18 and 20 (Cooley "Corrected" Suppl. Decl. ¶¶7,8), when that is clearly not what the inventors intended. (See '400 patent, col. 3, ln. 43-50; col. 7, ln. 14-17; col. 11, ln. 11-17; see also original parent '643 patent, col. 3, ln. 1-7; col. 9, ln. 42-53.)  He then summarily opines in two sentences that it would have been obvious to one of ordinary skill in the art to modify the pay telephone of Newkirk to arrive at the inventions claimed in claims 18, 20, 31 and 35. (Cooley "Corrected" Suppl. Decl. ¶10)

Mr. Cooley (and Wayport's counsel at oral argument) never even mention the legal requirements for a finding of obviousness.  Yet the case law is abundantly clear.  Because of the danger of viewing the invention from the perspective of the "tempting but forbidden zone of hindsight," a rigorous application of the requirement for a showing of the teaching or motivation to combine prior art references is required.  In re Dembiczak, 175 F.3d 994, 998-999 (Fed. Cir. 1999).  "Close adherence to this methodology is especially important in the case of less technologically complex inventions, where the very ease with which an invention can be understood may prompt one 'to fall victim to the insidious effect of a hindsight syndrome wherein that which only the inventor taught is used against its teacher.'" Id. (quoting W.L. Gore & Assocs., Inc. v. Garlock, Inc., 721 F.2d 1540, 1553 (Fed. Cir. 1983))  A teaching or suggestion or motivation to combine is an "essential evidentiary component of an obviousness holding." C.R. Bard, Inc. v. M3 Sys., Inc., 157 F.3d 1340, 1352 (Fed. Cir. 1998).  "The showing must be clear and

particular." In re Dembiczak, 175 F.3d at 999. "Broad conclusory statements regarding the teaching of multiple references, standing alone, are not 'evidence.'" Id.

In none of the Cooley declarations submitted by Wayport to the Court to date (after three attempts) is there even the briefest mention, let alone a clear and particular evidentiary showing, of a teaching or suggestion or motivation to combine that would satisfy the requirements for a finding of obviousness. For this reason, PowerOasis submits that, even if the Court allows the motions by Wayport to file the supplemental declarations, the mere conclusory assertions they set forth do not present a factual basis for a finding that the PowerOasis are vulnerable to an invalidity challenge.

Respectfully submitted,

POWEROASIS, INC. and
POWEROASIS NETWORKS, LLC
By their attorneys,

/s/ William A. Scofield, Jr.
_____
Sibley P. Reppert, B.B.O. No. 416900
William A. Scofield, Jr., B.B.O. No. 448940
LAHIVE & COCKFIELD, LLP
28 State Street
Boston, Massachusetts  02109 – 1784
(617) 227-7400 (telephone)
(617) 742-4214 (fax)

**CERTIFICATE OF SERVICE**

I, William A. Scofield, Jr., hereby certify that I caused the foregoing to be served by first class mail, postage pre-paid, on counsel of record this 23rd day of November, 2004.

/s/ William A. Scofield, Jr.
_____
William A. Scofield, Jr.