IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| POWEROASIS, INC. and ) | |
| POWEROASIS NETWORKS, LLC, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 04-12023 RWZ |
| ) | |
| WAYPORT, INC. ) | |
| ) | |
| Defendant. ) | |

**POWEROASIS' REPLY TO WAYPORT OPPOSITION
TO POWEROASIS' MOTION FOR JUDGMENT ON THE PLEADINGS**

PowerOasis hereby replies briefly to Wayport's opposition to PowerOasis' motion for judgment on the pleadings as to Defendant's counterclaim for unenforceability of the patents in suit.

First, it is difficult to understand Wayport's contention that PowerOasis somehow improperly misconstrued Wayport's counterclaim against the '658 patent as alleging that patent is unenforceable for inequitable conduct, since the counterclaim explicitly asserts the '658 patent is "unenforceable." (Wayport Counterclaim, ¶1, 7) Wayport's own opposition brief explains that a charge of patent unenforceability is based on a patentee's alleged inequitable conduct before the PTO. (Wayport Opp. at 2) In any event, Wayport has now withdrawn that allegation with respect to the '658 patent. (Wayport Opp. at 4)

Second, Wayport's opposition argues that whether the '400 patent contains "new matter" is a question of fact that the Court cannot determine at this stage based on the

record before it.  However, Wayport errs in its characterization of the issue.  The facts are not in dispute; rather, it is the characterization of those facts under the applicable law Wayport contests.  The question before the Court is whether the additional language included in the '400 patent constitutes "new matter," as Wayport asserts, or is simply additional clarifying language that is wholly proper in a continuation application, as the '400 patent states on its face.  This is a question of law.  *In Re Oda*, 443 F.2d 1200, 1203 (C.C.P.A. 1971).  ("New matter" is a technical legal term in patent law – a term of art.")  The Court can and should properly rule that clarifying language in the '400 patent is not "new matter," and cannot be the basis of a charge of inequitable conduct, based on the record before it.

Third, Wayport ignores the fact that the additional language included in the '400 patent was readily apparent on the face of the patent, and was openly disclosed to the Examiner.  The Examiner is presumed as a matter of law to have properly performed his job, and read the application, in order to make a proper determination that the application met all the requirements for patentability.  *Chemcast Corp. v. Arco Industries Corp.*, 1987 U.S. Dist. LEXIS 13913 at [48] (E.D. Mich. 1987), *aff'd in part, rev'd in part*, 854 F.2d 1328 (Fed. Cir. 1988) (citing *Application of Smythe*, 480 F.2d 1376, 1385, fn.5 (CCPA 1973) ("the fact that the Patent Office allows such an amendment without objection thereto as new matter . . . is entitled to an especially weighty presumption of correctness.")).  There is certainly no evidence to the contrary.  Wayport errs if it is now suggesting that the presumption of validity to which the patent is entitled is a matter requiring PowerOasis to submit proof.

Moreover, the Court can determine on the record before it that the additional language included in the '400 patent was apparent on the face of the application, and thus was not "concealed."

This is not a case like *KangaROOS U.S.A., Inc. v. Caldor, Inc.,* 778 F.2d 1571 (Fed. Cir. 1985), cited by Wayport. In *KangaROOS*, the district court entered summary judgment of unenforceability against the patentee based on inequitable conduct, while refusing to even consider the patentee's proffer of evidence on intent, because it found the patentee's claim to priority was "so utterly devoid of merit that it could have resulted only from an intent to mislead or at least gross negligence." *Id.* at 1573. The CAFC reversed, holding that the district court erred in summarily drawing adverse factual inferences against the patentee on the material element of intent.

Wayport tries to invoke the Court's reasoning that "[i]f the claim for priority met the elements of fraud, or was so grossly negligent as to support an inference of fraud or inequitable conduct, lapse on the part of the examiner does not excuse the applicant." *KangaROOS*, *id*. at 1576. But that argument has no bearing here. The present case is not one where "one knowingly [took] advantage of an error by the PTO." *Id.* Rather, here, contrary to Wayport's allegations, the continuation application filed by PowerOasis openly disclosed the additional language now accused by Wayport of being "new matter." The Examiner could readily determine that this was merely clarifying material, and not "new matter." The Court can do so as well on the record before it.

The CAFC has repeatedly warned against the danger of groundless charges of inequitable conduct now being asserted in virtually every patent case. *Burlington Industries, Inc., v. Dayco Corp.,* 849 F.2d 1418, 1422 (Fed. Cir. 1988) ("[T]he habit of

charging inequitable conduct in almost every major patent case has become an absolute plague."); *E.I. DuPont de Nemours & Co. v. Phillips Petroleum Co.*, 849 F.2d 1430, 1439 (Fed. Cir. 1988) ("Fraud in the PTO has been overplayed"); *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1182 (Fed. Cir. 1995) ("Unjustified accusations may deprive patentees of their earned property rights and impugn fellow professionals.  They should be condemned.")  That danger is no more apparent than here.  The Court on the record before it can judge for itself that the patentee's conduct before the PTO was open and candid, and that the charge of inequitable conduct on these facts is without basis.

## CONCLUSION

For the reasons stated above, and in its principal memorandum, PowerOasis moves the Court for judgment on the pleadings dismissing Wayport's Counterclaim for unenforceability of the '400 patent.

Respectfully submitted,

POWEROASIS, INC. and
POWEROASIS NETWORKS, LLC
By their attorneys,

/s/ Sibley P. Reppert
Sibley P. Reppert, B.B.O. No. 416900
William A. Scofield, Jr., B.B.O. No. 448940
LAHIVE & COCKFIELD, LLP
28 State Street
Boston, Massachusetts  02109 – 1784
(617) 227-7400 (telephone)
(617) 742-4214 (fax)

## CERTIFICATE OF SERVICE

I, Sibley P. Reppert, hereby certify that I caused the foregoing to be served by first class mail, postage pre-paid, on counsel of record this 17th day of December, 2004.

/s/ Sibley P. Reppert
Sibley P. Reppert