UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04.12023-RWZ

POWEROASIS, INC. and POWEROASIS NETWORKS, LLC

v.

WAYPORT, INC.

ORDER CONCERNING PENDING MOTIONS

January 31, 2005

ZOBEL, D.J.,

Plaintiffs, PowerOasis, Inc. ("Inc.") and PowerOasis Networks, LLC ("Networks"), are the owners of two United States patents, No. 6,466,658 B2 and 6,721,400 B2[1], both of which describe a "Power and Telecommunications Access Vending Machine." They charge defendant Wayport, Inc. with infringing these patents and seek a preliminary injunction. In addition to denying infringement, defendant counterclaims with allegations of invalidity and inequitable conduct. The matter is before me on plaintiffs' motions for a preliminary injunction and for judgment on the pleadings with respect to the counterclaim of inequitable conduct.

Motion for a Preliminary Injunction

As described in the papers, plaintiffs operate mechanisms akin to vending machines that supply electrical power and telephone data ports for use with laptop computers and other electronic equipment in airports and public buildings. Plaintiffs'

---

[1] The precise relationship of the two plaintiffs and their respective interests in the two patents is not entirely clear. The patents show Inc. as the assignee of both. The complaint designates Networks as the assignee and Inc. as exclusive licensee.

machines function in substantially the manner described in the patents; they are activated with the swipe of a credit card which causes power to be supplied to the plugged-in computer.  The customer may then access the internet via the modem in the computer which dials into the network or internet service provider.  The amount charged to the customer depends on the length of the transaction, which ends when the customer disconnects the power plug or the cable.

In contrast, defendant provides high-speed internet access in airports, hotels and other public places on a far larger scale than plaintiff's operation.  Its payment system also differs from that of plaintiffs in significant ways.  When a customer plugs the computer into defendant's port, payment information is automatically forwarded to a central processing server either from data encrypted on the computer or by virtue of a prepaid subscription.  Usually, the customer has paid a flat fee for a set amount of time, or he/she has a prepaid connection card.

Although this is but a cursory and partial explication of the patent and defendant's system, it is sufficient for a determination that plaintiffs have not met the first requirement for the issuance of a preliminary injunction, namely, likelihood of success on the merits.  See Rosario-Urdaz v. Rivera-Hernandez, 350 F.3d 219, 221 (1st Cir. 2003).  I am not persuaded that defendant's method of providing access to the internet infringes any claims of plaintiffs' patents.  Plaintiffs have also failed to make any showing of irreparable harm in light of both the inherent deficiencies in their infringement claims and their failure to provide any evidence that money damages are inadequate to compensate them if they do prevail.  Finally, the record is devoid of

evidence that plaintiffs' inability to compete with defendant was caused by the latter.

The motion for a preliminary injunction is denied.

Motion for Judgment on the Pleadings

Defendant's counterclaim asserts with respect to both patents that they are invalid for anticipation, obviousness, and inadequate disclosure of the inventions. The motion is denied with respect to the '658 patent on defendant's representation that it will amend its counterclaim to clarify that it does not assert inequitable conduct in the prosecution of that patent.

Defendant also alleges that plaintiffs acted inequitably by intentionally misrepresenting to the Patent Office that the continuing application for the '400 patent contained no new matter. The motion is denied with respect to the '400 patent because the assertion of wrongful conduct is highly fact based and the existing record does not admit of any resolution of the facts in issue. This denial is without prejudice to a later motion when the facts are established and if they are undisputed.

|  |  |
|---|---|
| _____<br>DATE | /s/ Rya W. Zobel_____<br>RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |