# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| POWEROASIS, INC. and POWEROASIS NETWORKS, LLC, <br><br> Plaintiffs-Counterclaim Defendants, <br><br> v. <br><br> WAYPORT, INC., <br><br> Defendant-Counterclaim Plaintiff. | Civil Action No.: 04-12023-RWZ <br><br> Hon. Rya W. Zobel |

### DEFENDANT WAYPORT, INC.'S ASSENTED-TO MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTERCLAIMS

Pursuant to Fed. R. Civ. P. 15(a) and the Court's Order dated January 31, 2005, defendant and counter-claim plaintiff Wayport, Inc. ("Wayport") respectfully requests leave to file a First Amended Answer And Counterclaims, attached hereto as Exhibit A.

As grounds for its motion, Wayport states as follows:

1. On September 20, 2004, plaintiff and counter-claim defendants PowerOasis, Inc. and PowerOasis Networks, LLC (collectively, "PowerOasis") filed a Complaint against Wayport alleging infringement of U.S. Patent No. 6,466,658 (the "'658 patent") and U.S. Patent No. 6,721,400 (the "'400 patent").

2. Wayport timely filed an Answer And Counterclaims on October 29, 2004.

3. On November 18, 2004, PowerOasis filed a Motion For Judgment On The Pleadings arguing in its supporting brief, in pertinent part, that ¶ 7 of Wayport's Counterclaims improperly alleged that the '658 patent was unenforceable due to inequitable conduct.

4.    PowerOasis's Motion also requested the dismissal of ¶ 9 of Wayport's Counterclaims (relating to invalidity of the '400 patent) but PowerOasis's memorandum in support of its Motion was completely silent as to why the Court should dismiss this counterclaim.

5.    On December 10, 2004, Wayport filed an opposition to PowerOasis's Motion For Judgment On The Pleadings, clarifying that Wayport's Answer And Counterclaims alleged that the '658 patent was unenforceable because it was invalid (not because of inequitable conduct). Wayport stated that it would file an Amended Answer And Counterclaims "to clear up any confusion" with respect to this counterclaim.  Wayport further stated that, despite PowerOasis's failure to raise this issue in its brief, its Amended Answer And Counterclaims would similarly clarify ¶ 9 of the Counterclaims regarding the '400 patent.

6.    The Court denied PowerOasis's Motion For Judgment On The Pleadings on January 31, 2005 and referenced Wayport's representation that it would file an Amended Answer And Counterclaims.

7.    Wayport's First Amended Answer And Counterclaims, attached hereto as Exhibit A, deletes the words "and unenforceable" from the Second Affirmative Defense and from ¶¶ 7 and 9 of the Counterclaims to clarify Wayport's allegations regarding the '658 patent and the '400 patent, respectively.  The First Amended Answer And Counterclaims also deletes the phrase "invalid and" from the Third Affirmative Defense and from ¶ 10 of the Counterclaims to remove any additional potential confusion regarding Wayport's allegations with respect to the '400 patent.

8.  This motion constitutes Wayport's first request to file an Amended Answer And Counterclaims.

9.  PowerOasis, through counsel, assents to the granting of this motion.

WHEREFORE, Wayport respectfully requests that the Court grant it leave to file a First Amended Answer And Counterclaims, attached hereto as Exhibit A.

Respectfully submitted,

**WAYPORT, INC.**

By its attorneys

/s/ David B. Bassett
William F. Lee (BBO #291960)
David B. Bassett (BBO #551148)
Dominic E. Massa (BBO #564694)
Amr O. Aly (admitted *pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
Email: david.bassett@wilmerhale.com

Dated: February 1, 2005

### Certificate of Service

I, Benjamin M. Stern, hereby certify that on February 1, 2005, I caused a copy of the foregoing document to be delivered to counsel of record via the Court's electronic filing system.

/s/ Benjamin M. Stern
Benjamin M. Stern