**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|   |   |
|---|---|
| POWEROASIS, INC. and <br> POWEROASIS NETWORKS, LLC, <br><br> Plaintiffs-Counterclaim Defendants, <br><br> v. <br><br> WAYPORT, INC., <br><br> Defendant-Counterclaim Plaintiff. | Civil Action No.: 04-12023-RWZ <br><br> Hon. Rya W. Zobel |

**DEFENDANT WAYPORT, INC.'S**
**FIRST AMENDED ANSWER AND COUNTERCLAIMS**

Pursuant to Rules 8, 12, and 13 of the Federal Rules of Civil Procedure and the Local Rules of this Court, defendant Wayport, Inc. ("Wayport") answers the allegations contained in the numbered paragraphs of the Complaint of plaintiffs PowerOasis, Inc. and PowerOasis Networks, LLC (collectively, "PowerOasis") as follows:

Parties

1.   Wayport is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.   Wayport is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3.   Wayport admits the allegations contained in paragraph 3 of the Complaint.

Jurisdiction and Venue

4.   Wayport admits that the Complaint purports to be an action for patent infringement.

5.  No answer is required to the allegations contained in paragraph 5 of the Complaint because they purport to state conclusions of law.

6.  No answer is required to the allegations contained in paragraph 6 of the Complaint because they purport to state conclusions of law.

7.  No answer is required to the allegations contained in paragraph 7 of the Complaint because they purport to state conclusions of law.

Facts

8.  Wayport denies that a copy of U.S. Patent No. 6,466,658 (the "'658 patent") is attached as Appendix A to the Complaint, but admits that the '658 patent states that it was issued by the United States Patent and Trademark Office (the "Patent Office") on October 15, 2002. Wayport is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint.

9.  Wayport denies that a copy of U.S. Patent No. 6,721,400 (the "'400 patent") is attached as Appendix B to the Complaint, but admits that the '400 patent states that it was issued by the Patent Office on April 13, 2004. Wayport is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the Complaint.

10. Wayport is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. Wayport is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Wayport admits that it is a leading provider of wireless and wired Internet access in hotels and airports, among other locations. Wayport denies the remaining allegations contained in paragraph 12 of the Complaint.

13. Wayport admits that it provides wireless and wired Internet access to the public. Wayport denies the remaining allegations contained in paragraph 13 of the Complaint.

14. Wayport admits that it provides wireless and/or wired Internet access in more than twenty hotels in Massachusetts. Wayport denies the remaining allegations contained in paragraph 14 of the Complaint.

15. Wayport admits the allegations contained in paragraph 15 of the Complaint.

16. Wayport admits that it derives revenue from its business activities in Massachusetts. Wayport denies the remaining allegations contained in paragraph 16 of the Complaint.

17. Wayport denies the allegations contained in paragraph 17 of the Complaint.

18. Wayport denies the allegations contained in paragraph 18 of the Complaint.

19. Wayport denies the allegations contained in paragraph 19 of the Complaint.

Unless specifically admitted above, Wayport denies all allegations contained in the Complaint.

### FIRST AFFIRMATIVE DEFENSE

PowerOasis is not entitled to any relief against Wayport because Wayport is not infringing and has not infringed any valid claim of the '658 patent or the '400 patent.

### SECOND AFFIRMATIVE DEFENSE

The claims of the '658 patent and the '400 patent are invalid for failing to meet one or more of the requisite conditions for patentability specified by Title 35 of the United States Code, including without limitation §§ 102, 103, and 112.

### THIRD AFFIRMATIVE DEFENSE

The claims of the '400 patent are unenforceable for inequitable conduct. Specifically, and as set forth in paragraphs 11 through 18 of Wayport's counterclaim, at least one of the

inventors of and/or the attorneys, agents, and other persons who were substantively involved in preparing and prosecuting the patent application that led to the '400 patent (the "Responsible Persons") committed inequitable conduct before the Patent Office during prosecution of the patent application that led to the '400 patent by intentionally misrepresenting to the Patent Office that the patent application contained no new matter.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

Wayport for its counterclaim against PowerOasis alleges as follows:

### Jurisdiction

1. This is a counterclaim for a declaration of noninfringement, invalidity, and unenforceability of the claims of the '658 patent and the '400 patent. This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1338, and 2201.

2. An actual case or controversy exists between the parties concerning the infringement, validity, and enforceability of the claims of the '658 patent and the '400 patent and that controversy is ripe for adjudication by this Court.

### Parties

3. The plaintiff-in-counterclaim Wayport is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Austin, Texas.

4. The defendant-in-counterclaim PowerOasis, Inc. is, on information and belief, a corporation organized and existing under the laws of the State of New Hampshire, with its principal place of business in Nashua, New Hampshire.

5. The defendant-in-counterclaim PowerOasis Networks, LLC is, on information and belief, a limited liability corporation organized and existing under the laws of the State of New Hampshire, with its principal place of business in Nashua, New Hampshire.

<u>Noninfringement, Invalidity, and Unenforceability</u>

6. Wayport has not infringed and is not infringing any claim of the '658 patent.

7. The claims of the '658 patent are invalid for failing to meet one or more of the requisite conditions for patentability specified by Title 35 of the United States Code, including without limitation §§ 102, 103, and 112.

8. Wayport has not infringed and is not infringing any claim of the '400 patent.

9. The claims of the '400 patent are invalid for failing to meet one or more of the requisite conditions for patentability specified by Title 35 of the United States Code, including without limitation §§ 102, 103, and 112.

10. The claims of the '400 patent are unenforceable for inequitable conduct. One or more of the Responsible Persons committed inequitable conduct before the Patent Office during prosecution of the patent application that led to the '400 patent by intentionally misrepresenting to the Patent Office that the patent application contained no new matter.

11. On November 6, 2001, PowerOasis filed patent application Serial No. 09/985,930 (the "'930 application") with the Patent Office. The '930 application issued as the '658 patent on October 15, 2002.

12. On October 15, 2002, PowerOasis filed patent application Serial No. 10/270,108 (the "'108 application") with the Patent Office as a continuation of the '930 application. The '108 application issued as the '400 patent on April 13, 2004.

13. The '108 application contained subject matter that was not part of the '930 application. The new subject matter can be found, without limitation, at column 15 of the '400 patent, where the '400 patent states that the "payment mechanism," the "customer interface," the "electronic circuit for determining when the transaction is complete," the "telecommunications channel access circuit," and the "switchable circuit" were broadly described in the applicants'

earliest application and further states what those terms were intended to include in the applicants' earliest application.

14. One or more of the Responsible Persons knew or should have known that the addition of new matter was material to the prosecution of the '108 application under Title 35 of the United States Code, including without limitation § 132, and the Manual of Patent Examining Procedure, including without limitation § 201.07.

15. In light of Title 35 of the United States Code, including without limitation § 132, and the Manual of Patent Examining Procedure, including without limitation § 201.07, there is a substantial likelihood that a reasonable patent examiner would have considered the addition of new matter as highly material in deciding whether to allow the '108 application to issue as a patent.

16. On information and belief, notwithstanding their knowledge and awareness of the addition of new matter and the fact that it was material to the claims of the '108 application, one or more of the Responsible Persons intentionally failed to disclose the addition of new matter to the Patent Office.

17. On information and belief, notwithstanding their knowledge and awareness of the addition of new matter and the fact that it was material to the claims of the '108 application, one or more of the Responsible Persons intentionally misrepresented to the Patent Office that no new matter was added to the '108 application by filing the '108 application as a "continuation" rather than as a "continuation-in-part" of the '930 application.

18. On information and belief, one or more of the Responsible Persons intentionally failed to disclose the addition of new matter and misrepresented that no new matter was being added to the '108 application for the purpose of procuring issuance of the '400 patent.

WHEREFORE, Wayport requests that this Court enter a judgment in its favor and against PowerOasis as follows:

A.  Dismiss the Complaint in its entirety, with prejudice;

B.  Enter judgment in favor of Wayport and against PowerOasis;

C.  Declare that Wayport is not infringing and has not infringed any claim of the '658 patent or the '400 patent;

D.  Declare that the claims of the '658 patent and the '400 patent are invalid, void, and/or unenforceable against Wayport;

E.  Award Wayport its costs (including expert fees), disbursements, and reasonable attorney fees incurred in this action, pursuant to 35 U.S.C. § 285; and

F.  Grant such further relief to Wayport as is just and proper.

## **DEMAND FOR JURY TRIAL**

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Wayport demands a trial by jury on all issues so triable.

Respectfully submitted,

WAYPORT, INC.

By its attorneys


/s/ David B. Bassett
William F. Lee (BBO #291960)
David B. Bassett (BBO #551148)
Dominic E. Massa (BBO #564694)
Amr O. Aly (*pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
Email: david.bassett@wilmerhale.com

Dated: February 1, 2005


### Certificate of Service

I, Benjamin M. Stern, hereby certify that on February 1, 2005, I caused a copy of the foregoing document to be delivered to counsel of record via the Court's electronic filing system.

/s/ Benjamin M. Stern
Benjamin M. Stern