IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| POWEROASIS, INC. and POWEROASIS NETWORKS, LLC,<br><br>  Plaintiffs,<br><br>  v.<br><br>WAYPORT, INC.<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.: 04-12023 RWZ<br>)<br>)  Hon. Rya W. Zobel<br>)<br>)<br>)<br>)<br>)<br>) |

**WAYPORT, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A REPLY BRIEF OR, IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE A SUR-REPLY TO PLAINTIFFS' REPLY BRIEF**

Pursuant to Local Rule 7.1(b)(3), defendant and counterclaim plaintiff Wayport, Inc. ("Wayport") respectfully requests that the Court deny PowerOasis' motion for leave to file a reply brief regarding claim construction. In the alternative, if the Court grants PowerOasis' motion, Wayport respectfully moves for leave to file a sur-reply to PowerOasis' Reply Memorandum on Claim Construction. A copy of Wayport's Sur-Reply Brief is attached hereto. The grounds for this opposition and motion are as follows:

US1DOCS 5500833v1

A.   **Wayport Respectfully Requests that the Court Deny PowerOasis' Motion for Leave to File a Reply Brief Regarding Claim Construction**

1. PowerOasis' Reply Memorandum on Claim Construction is improper under the pretrial schedule that was agreed to by the parties. Under the pretrial schedule, each side is allowed only one brief.

2. PowerOasis' reply brief improperly raises new arguments, ones that could have been made in its opening claim construction brief. Although PowerOasis argues in its motion for leave that it needs to file a reply brief to deal with Wayport's alleged failure to advise the Court that Wayport's expert, Dr. Cooley, agreed with PowerOasis' claim construction positions (PO Br. at ¶ 4), PowerOasis uses this opportunity to raise various new arguments in support of its proposed constructions that are not in reply to any arguments made in Wayport's claim construction brief. *See* PO Reply Br. at pp. 1-4, 7-9. All of these arguments could, and should, have been made in PowerOasis' opening brief.

3. As to PowerOasis' assertion that Dr. Cooley agrees with its claim construction positions, PowerOasis made a similar accusation in a related case pending in New Hampshire District Court. *PowerOasis, Inc. and PowerOasis Networks LLC v. T-Mobile USA, Inc.*, No. 05-cv-42-PB. T-Mobile, which is also using Dr. Cooley as a technical expert, denied that Dr. Cooley agreed with PowerOasis, and demonstrated to Judge Barbadoro how PowerOasis wrenched Dr. Cooley's testimony out of context to make its assertions -- a fact that led Judge Barbadoro to comment during the claim construction hearing that PowerOasis' contentions are "highly disputed."

**B.     In the Alternative, Wayport Respectfully Moves The Court For Leave To File A Sur-Reply To PowerOasis' Reply Memorandum On Claim Construction.**

4.     Wayport would be prejudiced if the Court grants PowerOasis leave to file a reply brief without providing Wayport with an equal opportunity to file a sur-reply. Accordingly, if the Court grants PowerOasis' motion, then Wayport moves the Court for leave to file a sur-reply, which will respond to PowerOasis' "new" -- and erroneous -- arguments.

Respectfully submitted,

Date: February 6, 2006

/s/ Amr O. Aly (admitted *pro hac vice*)
William F. Lee (BBO #291960)
David B. Bassett (BBO #551148)
Amr O. Aly (*pro hac vice*)
Gregory F. Noonan (BBO #651035)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
Phone: 617-526-6000
Fax: 617-526-5000

## Certificate of Service

    I hereby certify that on the 6th of February, 2006, a copy of the within pleading was electronically served upon:

Sibley R. Reppert, Esquire
William A. Scofield, Esquire

                                                /s/ Amr O. Aly_____
                                                Amr O. Aly, Esq.