# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| POWEROASIS, INC. AND<br>POWEROASIS NETWORKS, LLC,<br><br>    Plaintiffs/<br>      Counterclaim-Defendants,<br><br>v.<br><br>WAYPORT, INC.,<br><br>    Defendant/<br>      Counterclaim-Plaintiff. | Civil Action No.: 04-12023-RWZ<br><br>Hon. Rya W. Zobel |

## NOTICE OF CLAIM CONSTRUCTION ORDER IN RELATED CASE

Defendant Wayport, Inc. ("Wayport") hereby provides notice of the claim construction order entered on March 23, 2006 in *PowerOasis, Inc. and PowerOasis Networks LLC v. T-Mobile USA, Inc.*, No. 05-cv-42-PB (D. N.H.), by the Hon. Paul Barbadoro ("Order") construing claim terms from the same PowerOasis patents that are at issue in this litigation. Attached as Exhibit A is a copy of the Order.

Judge Barbadoro addressed five claim terms from U.S. Patent Nos. 6,466,658 ('658 patent) and 6,721,400 (''400 patent): "vending machine," "payment mechanism," "customer interface," "enabling … disabling access," and "located remote from said vending machine."

As to the key term "vending machine," Judge Barbadoro based his construction on the disclosure in the patent as a whole and determined that the claimed invention is a "device or unit," as Wayport contended, and not as a distributed system, as argued by PowerOasis:

> I agree with T-Mobile that the patents-in-suit disclose a "device or unit." I base this conclusion, however, on my reading of the claims as a whole rather than because I attach independent significance to "vending machine." **The patents plainly claim an apparatus with a specific structure rather than a "system and method of vending" as PowerOasis claims.** If there were any doubt as to this point, it is dispelled by the PTO examiner's wholesale rejection of the [application that PowerOasis filed on April 7, 2004], in which the patentees attempted to convert the inventions described in the '400 and '658 patents into "[a] method for vending telecommunications channel access" comprised of certain specified "steps."
>
> **Because the patents as a whole make clear that the patented inventions disclose a device or unit rather than a system and method of vending**, it is unnecessary to treat "vending machine" as a structural limitation in order to give "life, meaning, and vitality" to the claims.

Order at 15-16 (emphasis added).

Because Judge Barbadoro found adequate support in the patents as a whole that the claimed invention is limited to a "device or unit," he found further that it was not necessary to treat the preamble as an independent limitation.

As to the remaining four claim terms, Judge Barbadoro: construed "payment mechanism" as "a mechanical, electrical, or electronic (i.e., software) means for achieving payment" (Order at 19); concluded that "customer interface" may be located on the customer's laptop computer as well as on the vending machine (Order at 21); declined to construe "enabling … disabling access"; and agreed with T-Mobile that claim 38 ("remotely located from said vending machine") is nonsensical (Order at 23-5).

Wayport submits Judge Barbadoro's claim constructions for the information of the Court. While those constructions are not binding on this court, Judge Barbadoro obviously considered many of the same claim construction issues currently pending before this Court.

Wayport urges the Court to adopt Wayport's proposed claim constructions for all of the reasons stated in its previously submitted briefs and during the claim construction hearing in this matter on February 8, 2006. Wayport further submits that Judge Barbadoro's construction order further confirms, at a minimum, that PowerOasis' claimed invention should be limited to "an apparatus with a specific structure rather than a 'system and method of vending' as PowerOasis claims." Order at 15.

Date: March 24, 2006                                       Respectfully Submitted

                                                           By:  /s/ Amr O. Aly_____
                                                           William F. Lee (BBO #291960)
                                                           David B. Bassett (BBO #551148)
                                                           Amr O. Aly (admitted pro hac vice)
                                                           Greg Noonan (BBO #651035)
                                                           Wilmer Cutler Pickering Hale and Dorr LLP
                                                           60 State Street
                                                           Boston, MA 02109
                                                           Phone: 617-526-6000
                                                           Fax:    617-526-5000

**Certificate of Service**

      I hereby certify that on the 24th day of March, 2006, a copy of the within pleading was electronically served through ECF upon:

Sibley P. Reppert, Esquire
William A. Scofield, Jr., Esquire

                                              /s/ Amr O. Aly
                                              Amr O. Aly