IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| POWEROASIS, INC. and ) | |
| POWEROASIS NETWORKS, LLC, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 04-12023 RWZ |
| ) | |
| WAYPORT, INC. ) | |
| ) | |
| Defendant. ) | |

**POWEROASIS' OBJECTION TO WAYPORT'S NOTICE OF CLAIM
CONSTRUCTION IN RELATED CASE**

PowerOasis, Inc. and PowerOasis Networks, LLC ("PowerOasis") object to Wayport's egregious misdescription of the Memorandum and Order of Judge Paul Barbadoro dated March 22, 2006, contained in Wayport's Notice of Claim Construction Order In Related Case.

Contrary to Wayport's mischaracterization, Judge Barbadoro **did not** "determine" that the claimed invention is "not a distributed system." Indeed, Judge Barbadoro specifically rejected Wayport's argument, stating explicitly:

> T-Mobile suggests that the patentees' use of "vending machine" also limits the claimed inventions to "a unitary machine, and not a distributed system made up of components located at remote locations…" T-Mobile Brief at 12. The only evidence that T-Mobile identifies to support its position, however, is the PTO examiner's statement that the patents claim a "physical combination of elements and steps." '643 patent Notice of Allowability at 3. This statement simply does not carry the meaning that T-Mobile assigns to it. **Accordingly, I decline to construe "vending machine" as a limitation requiring that the claimed inventions be unitary machines.**

(Memorandum and Order at 16, n. 6) (emphasis added).

Judge Barbadoro's constructions of specific claim limitations corroborate this finding. Thus, he rejected Wayport's proposed construction of "payment mechanism" as requiring an "arrangement of connected parts," and instead construed the term payment mechanism to mean "a mechanical, electrical, or electronic (i.e., software) means for achieving payment." As Judge Barbadoro explained:

> …the patentees clearly envisioned an embodiment in which the 'payment mechanism' consists of software on the customer's laptop rather than a coin acceptor, card reader, or other "arrangement of connected parts."

(Memorandum and Order at 18.) This construction conforms to the concept of an apparatus with distributed parts, rather than a unitary machine.

Likewise, Judge Barbadoro rejected T-Mobile's proposed construction of "customer interface" as "part of the vending machine," and construed that element such that "the 'customer interface' may be located on the customer's computer as well as on the vending machine." (Memorandum and Order at 21.) This construction again is consistent with the notion of an apparatus that may have distributed components.

A fair reading of Judge Barbadoro's opinion requires the conclusion that he classified the claims as apparatus rather than method claims, and thus rejected the examiner's characterization of them as claims for a "system or method."[1] Nowhere in his opinion does Judge Barbadoro conclude, as Wayport erroneously suggests, that the claims do not cover an apparatus configured so as to include distributed components.

In summary, while PowerOasis certainly agrees that this Court should take appropriate notice of Judge Barbadoro's opinion, PowerOasis submits that the Court should disregard Wayport's erroneous and misleading characterization thereof. Judge

---

[1] PowerOasis agrees that the claims are not method claims, and took that position in the claim construction hearing before this Court.

2

Barbadoro's opinion completely supports the construction urged by PowerOasis in this action. The term "vending machine" in the preamble is not a limitation, and nowhere do the elements of the claims limit the invention to a unitary machine. The claims are for an "apparatus with a specific structure"[2], as set forth in the claim elements, and the patent makes clear that the components of the patented apparatus can be distributed.

        Respectfully submitted,

        POWEROASIS, INC. and
        POWER OASIS NETWORKS, LLC
        By their attorneys,

        */s/ Sibley P. Reppert*
        _____
        Sibley P. Reppert  BBO #416900
        William A. Scofield, Jr. BBO #448940

        LAHIVE & COCKFIELD, LLP
        28 State Street
        Boston, Massachusetts 02109-1784
        (617) 227-7400 (telephone)
        (617) 742-4214 (fax)

## CERTIFICATE OF SERVICE

I, Sibley P. Reppert, hereby certify that on March 27, 2006, I caused a copy of the foregoing document to be delivered to counsel of record via the Court's electronic filing system.

        */s/ Sibley P. Reppert*
        Sibley P. Reppert

---

[2] Memorandum and Opinion at 15.