# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| POWEROASIS, INC. and<br>POWEROASIS NETWORKS, LLC,<br><br>   Plaintiffs-Counterclaim Defendants,<br><br>   v.<br><br>WAYPORT, INC.,<br><br>   Defendant-Counterclaim Plaintiff. | Civil Action No.: 04-12023-RWZ<br><br>Hon. Rya W. Zobel |

**REPLY MEMORANDUM IN SUPPORT OF
WAYPORT, INC.'S MOTION FOR SUMMARY JUDGMENT OF
NON-INFRINGEMENT OF U.S. PATENT NOS. 6,466,658 AND 6,721,400
AND
MEMORANDUM IN SUPPORT OF WAYPORT, INC.'S MOTION
<u>TO PRECLUDE THE SECOND DECLARATION OF RICHARD E. MORLEY</u>**

## TABLE OF CONTENTS

    Page

TABLE OF AUTHORITIES ................................................................................................ii

I.    INTRODUCTION ...................................................................................................1

II.    POWEROASIS' LAST MINUTE DOCTRINE OF EQUIVALENTS
ARGUMENTS SHOULD BE DISMISSED AS UNTIMELY .............................2

III.    BECAUSE MR. MORLEY'S DECLARATION FAILS TO PROVIDE
THE REQUISITE "PARTICULARIZED TESTIMONY AND LINKING
ARGUMENTS," POWEROASIS SHOULD BE PRECLUDED FROM
ASSERTING INFRINGEMENT UNDER THE DOCTRINE OF
EQUIVALENTS .......................................................................................................7

IV.    CONCLUSION..........................................................................................................9

## TABLE OF AUTHORITIES

*Page(s)*

Federal Cases

*Boucher v. Northeastern Log Homes, Inc.*,
    2005 WL 758470 (D. Me. 2005) ................................................................................ 4

*Chimie v. PPG Indus., Inc.*,
    402 F.3d 1371 (Fed. Cir. 2005) ................................................................................ 4

*Collins v. Marina-Martinez*,
    894 F.2d 474 (1st Cir. 1990) .................................................................................... 3

*Lear Siegler, Inc. v. Sealy Mattress Co. of Michigan, Inc.*,
    873 F.2d 1422 (Fed. Cir. 1989) ................................................................................ 8

*Lohnes v. Level 3 Communications, Inc.*,
    272 F.3d 49, 60 (1st Cir. 2001) .............................................................................. 4)

*MPT, Inc. v. Marathon Labels, Inc.*,
    2006 WL 199560 ...................................................................................................... 6

*Network Commerce, Inc. v. Microsoft Corp.*,
    422 F.3d 1353 (Fed. Cir. 2005) ................................................................................ 9

*PC Connector Solutions LLC v. Smartdisk Corp.*,
    406 F.3d 1359 (Fed. Cir. 2005) ........................................................................ 7, 8, 9

*Powell v. Storz Opthalmics, Inc.*,
    34 U.S.P.Q.2d 1136 (M.D. Fla. 1994), aff'd, 53 F.3d 437 (Fed. Cir. 1995) .............. 3

*Texas Instruments Inc. v. Cypress Semiconductor Corp.*,
    90 F.3d 1558 (Fed. Cir. 1996) ............................................................................ 7, 8

*Thibeault v. Square D. Co.*,
    960 F.2d 239 (1st Cir. 1992) ................................................................................ 3, 4

*Transclean Corp. v. Bridgewood Servs.*,
    77 F.Supp.2d 1049 (D.Minn. 1999) aff'd in relevant part, 290 F.3d 1364
    (Fed. Cir. 2002) ........................................................................................................ 3

*Vieira v. Wal-Mart Stores, Inc.*,
    2001 WL 394898, *7 (D. Conn. 2001) ...................................................................... 3

## I.    INTRODUCTION

More than ten months after the close of fact discovery, long after the exchange of expert reports and the completion of expert depositions, and even well after the filing of summary judgment motions, PowerOasis now -- for the very first time in this litigation -- asserts that Wayport's HSIA service infringes the asserted claims under the doctrine of equivalents. In support of its newly minted argument, PowerOasis submits a wholly inadequate declaration from its paid expert, Mr. Morley, and alleges that, to the extent Wayport disagrees with him, there must be a factual dispute that would preclude entry of summary judgment. PowerOasis' tactics should be seen for what they are: nothing more than a last-ditch attempt to avoid summary judgment that is not only procedurally flawed, but substantively deficient.

The doctrine of equivalents is a fundamental principle of patent law that should not, and cannot, be raised at the tail end of a litigation. If PowerOasis truly believed that it had viable equivalency arguments, it should have alleged them during discovery and allowed Wayport the opportunity to test those theories. Instead, PowerOasis attempts to ambush Wayport by asserting the doctrine of equivalents at the last possible moment, when Wayport has been denied the benefit of any discovery (and, indeed, could not even respond without leave of Court).

Even if PowerOasis' eleventh hour injection of the doctrine of equivalents into this case were proper, the Court should still reject PowerOasis' arguments because its supporting declaration falls far short of providing the "particularized testimony and linking arguments" that are required to make out a case of infringement under the doctrine of equivalents. Mr. Morley's second declaration, which provides the sole support for PowerOasis' doctrine of equivalents arguments, contains nothing more than general conclusory assertions supported only by Mr. Morley's opinion "as an engineer." This deficient declaration comes from the same expert who testified in his deposition in this same matter that he never heard of the doctrine of equivalents and had *no opinion* on the subject.

Accordingly, the Court should reject PowerOasis' tactics, dismiss its belated doctrine of equivalents arguments, and grant Wayport's motion for summary judgment of non-infringement and its motion to preclude Mr. Morley's second declaration.

## II. POWEROASIS' LAST MINUTE DOCTRINE OF EQUIVALENTS ARGUMENTS SHOULD BE DISMISSED AS UNTIMELY

After many months of discovery, two rounds of expert reports, and the opening round of summary judgment briefing, PowerOasis asserts *for the first time* in its opposition to Wayport's summary judgment motion that Wayport's HSIA service infringes under the doctrine of equivalents. (*See* PowerOasis' Opposition To Wayport's Motion For Summary Judgment Of Non-Infringement Of U.S. Patent Nos. 6,466,658 And 6,721,400 ("PO Opp.")). PowerOasis had ample opportunities throughout the course of this litigation to make this allegation in a timely manner and to allow orderly discovery on the subject. Indeed, at various times, Wayport expressly noted in writing that PowerOasis had failed to state an allegation of infringement under the doctrine of equivalents. (*See, e.g.*, Ex. 13 (excerpts from the Rebuttal Expert Report of Edmond S. Cooley D.Eng., dated 11/08/05), at ¶ 61 ("I note that Mr. Morley provides no analysis or opinion on whether the Wayport ISP satisfies the claimed 'vending machine' limitation under the doctrine of equivalents. Thus, there is nothing to rebut at present, and I preserve my right to provide further rebuttal if needed"); similar language also appears at ¶¶ 76, 87, 106, 111, 120, 124, 129, 136, 140 and 144).[1] And yet, PowerOasis remained silent about any allegation of infringement by equivalence. Instead, it waited until the last possible moment to raise the doctrine of equivalents allegation, apparently believing it could thereby gain some tactical advantage.[2]

---

[1] Exhibits 13-16 are attached to the Supplemental Declaration Of Amr O. Aly, Esq. In Support Of Wayport's Motion For Summary Judgment of Non-Infringement and In Opposition to PowerOasis' Motion For Summary Judgment Of Infringement; and Exhibits 1-12 are attached to the Declaration of Amr O. Aly, Esq. In Support Of Wayport, Inc.'s Motion For Summary Judgment Of Non-Infringement Of U.S. Patent Nos. 6,466,658 And 6,721,400.
[2] Interestingly, PowerOasis does not raise the doctrine of equivalents issue in its summary judgment motion for infringement.

PowerOasis failed to assert infringement under the doctrine of equivalents during discovery. For instance, Wayport's Interrogatory No. 2, part C, sought PowerOasis' contention regarding how "each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Product, *and [] the basis of how each claim limitation that is allegedly met under the doctrine of equivalents is so met*." (Ex. 14 (Plaintiffs' Answer To Wayport's Interrogatory No. 2), at 4 (emphasis added)). In response, PowerOasis provided a claim chart that provided no analysis or allegation whatsoever relating to infringement under the doctrine of equivalents. (Ex. 14, at 4-9).[3]

Courts have not hesitated to preclude parties from relying on theories not disclosed in their interrogatory responses. *See, e.g., Thibeault v. Square D. Co.*, 960 F.2d 239, 246-47 (1st Cir. 1992) (affirming trial court's decision to exclude expert testimony untimely provided in response to interrogatories and where there "was not good cause [for the party's] delay."); *Powell v. Storz Opthalmics, Inc.*, 34 U.S.P.Q.2d 1136, 1139-40 (M.D. Fla. 1994), aff'd, 53 F.3d 437 (Fed. Cir. 1995) (precluding patentee from introducing theory of infringement not disclosed during discovery and after accused infringer had prepared its case); *Transclean Corp. v. Bridgewood Servs.*, 77 F.Supp.2d 1049, 1060 (D.Minn. 1999) *aff'd in relevant part*, 290 F.3d 1364 (Fed. Cir. 2002) (precluding defendant from taking non-infringement position not disclosed during discovery).

Not only did PowerOasis fail to furnish information on the doctrine of equivalents theory in response to Wayport's Interrogatory No. 2, but it also failed to supplement its answer pursuant to Federal Rule 26(e). Rule 26(e) states that litigants are "under a duty seasonably to amend a prior response to an interrogatory." Fed. R. Civ. P. 26. "When Rule 26(e) is flouted, district courts possess the power to impose sanctions without first issuing a firm discovery deadline or

---

[3] Aside from providing the rote answer that the asserted claims are "infringed both literally and under the doctrine of equivalents," PowerOasis failed to develop the doctrine of equivalents argument and therefore waived it. *Cf., Collins v. Marina-Martinez*, 894 F.2d 474, 481 n. 9 (1st Cir. 1990) ("It is settled beyond peradventure that issues mentioned in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived"); *Vieira v. Wal-Mart Stores, Inc.*, 2001 WL 394898, *7 (D. Conn. 2001).

-3-

an admonitory order." *Thibeault*, 960 F.2d 239 at 245. Rule 26(e). PowerOasis failed to provide any supplementation of its answer to Interrogatory No. 2 before or after the fact discovery cut-off date of October 31, 2005. (Electronic Order granting Joint Motion To Extend Deadline For Fact Discovery And Initial Expert Reports (Docket No. 59)). Therefore, this Court need not first issue a discovery order before precluding Mr. Morley's declaration. *Id.* ("Clearly, then, the trial court possessed the power to preclude appellant's proffered expert testimony despite the lack of an antecedent order.").

But PowerOasis not only hid the ball during fact discovery, it also failed to assert any doctrine of equivalents argument in its expert reports, as required by the Federal Rules. Rule 26(a)(2)(B) mandates that a party's expert reports must contain "a complete statement of all opinions to be expressed and the basis and reasons therefore." Because PowerOasis indisputably bears the burden of proof of demonstrating infringement under the doctrine of equivalents, it was therefore obligated to disclose any such legal theory in its expert reports. It did not. Mr. Morley submitted his expert report on infringement on November 8, 2005. (Ex. 5 (Morley 11/8/05 Expert Report)). That report does not mention, let alone discuss, *any* infringement theory under the doctrine of equivalents. This fact alone precludes PowerOasis from raising this new theory of infringement now.[4] *Lohnes v. Level 3 Communications, Inc.*, 272 F.3d 49, 60 (1st Cir. 2001) (granting motion to preclude expert testimony not provided in expert report, at summary judgment, holding that "[t]he expert disclosure requirements are not merely aspirational, and courts must deal decisively with a party's failure to adhere to them"); *see also, Boucher v. Northeastern Log Homes, Inc.*, 2005 WL 758470, *2 (D. Me. 2005) (precluding "newly minted opinions" that were raised for the first time in opposition to summary judgment motion). Furthermore, PowerOasis failed to supplement Mr. Morley's expert report before or after the

---

[4] Because evidentiary rulings fail to raise issues unique to patent law, the Federal Circuit has held that the law of the appropriate regional circuit applies. *Chimie v. PPG Indus., Inc.*, 402 F.3d 1371, 1376-7 (Fed. Cir. 2005) (citation omitted).

-4-

expert discovery cut-off date of January 20, 2006. (Electronic Order granting Joint Motion To Extend Time For Expert Discovery (Docket No. 60)).

Faced with facts that were less egregious than those in this case, Judge Woodlock of this Court only recently granted a motion to exclude arguments based on the doctrine of equivalents from responsive expert report because that theory had not been raised in the initial expert report. (Ex. 15 (Judge Woodlock's June 21, 2005 Order) ("The DOE theory is such a fundamental form of infringement opinion, I will not permit that theory to be developed for the first time in 'response' expert reports"), at *6). In this case, PowerOasis has gone even further. Not only did it fail to provide its contention of infringement under the doctrine of equivalents during discovery and in its expert reports, it now wishes to inject that issue into this case for the first time in an *opposition* to a summary judgment motion.

The facts of this case are rendered even more egregious by the fact that Mr. Morley -- the very same expert on whom PowerOasis seeks to rely in support of its last-minute doctrine of equivalents theory --- testified after he submitted his expert report that he had never heard of the doctrine of equivalents and he had no opinion on it in this case:

> Q. Have you ever heard of the concept of infringement under the doctrine of equivalents, infringement of a patent under the doctrine of equivalents?
>
> A. No, I have not.
>
> Q. Okay. Is it fair to say, then, that you have no opinion and do not intend to offer any opinion as to whether or not the Wayport -- the PowerOasis patents are infringed by Wayport under the doctrine of equivalents?
>
> A. I offer no opinion.

(Ex. 16 (Morley 1/9/06 Dep. Tr.), at 222:4-17).

PowerOasis should not be allowed now to raise an alleged issue of disputed facts and avoid summary judgment based solely on Mr. Morley's second declaration, especially in light of

-5-

the fact that he recently provided inconsistent testimony -- that he had no opinion on the doctrine of equivalents. *MPT, Inc. v. Marathon Labels, Inc.*, 2006 WL 1995601, slip op. at *4 (N.D. Ohio July 14, 2006) (Even when prior testimony is not directly contradictory, the court must consider whether the declaration is an attempt to create a "sham fact issue" to avoid summary judgment).

Rule 37(c)(1) states that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1). PowerOasis has committed each of the acts admonished by Rule 37. PowerOasis failed to assert infringement under the doctrine of equivalents in response to Wayport's interrogatory No. 2 (as required by Rule 26(a)), it failed to update its interrogatory answer before the end of fact discovery (as required by Rule 26(e)(2)), it failed to disclose the doctrine of equivalents theory in Mr. Morley's expert report (as required by Rule 26(a)), and it failed to update Mr. Morley's expert report before the end of expert discovery (as required by Rule 26(e)(1)). Furthermore, PowerOasis has no justification, let alone a "substantial justification" that is "harmless," for any of these omissions. The doctrine of equivalents is a fundamental premise of patent law and PowerOasis cannot plead ignorance given Wayport's various attempts throughout the litigation to determine whether PowerOasis intended to assert the theory.

The Court should make it clear that the type of litigation tactic attempted by PowerOasis is unacceptable. The Court should preclude PowerOasis from raising an allegation of infringement under the doctrine of equivalents at this late hour -- an allegation based solely on a declaration from an expert who has sworn in this case that he had no opinion on that topic. The Court should also preclude Mr. Morley's second declaration in its entirety pursuant to Rule 37.

### III. BECAUSE MR. MORLEY'S DECLARATION FAILS TO PROVIDE THE REQUISITE "PARTICULARIZED TESTIMONY AND LINKING ARGUMENTS," POWEROASIS SHOULD BE PRECLUDED FROM ASSERTING INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS

Even if the Court is willing to consider the merits of PowerOasis' tardy allegation of infringement under the doctrine of equivalents, it should be rejected. PowerOasis has submitted a second declaration from Mr. Morley and argues that "[t]o the extent that Wayport disputes Mr. Morley, it necessarily raises a genuine issue of material fact." (PO Opp. at 8). PowerOasis is wrong. To be sufficient to create a disputed issue of material fact, Mr. Morley's second declaration[5] must "provide particularized testimony and linking argument as to the 'insubstantiality of the differences' between the claimed invention and the accused device or process, or with respect to the function, way, result test when such evidence is presented to support a finding of infringement under the doctrine of equivalents." *Texas Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558 (Fed. Cir. 1996). Although PowerOasis acknowledges this requirement in passing, (PO Opp. at 3), it nonetheless submits a declaration that is totally deficient.

Mr. Morley's testimony must be "particularized" and cannot simply be a collection of general statements as to the alleged overall similarity between the claims and the accused device. *Texas Instruments*, 90 F.3d at 1567 ("Generalized testimony as to the overall similarity between the claims and the accused infringer's product or process will not suffice"). That is, even under the doctrine of equivalents, PowerOasis must demonstrate how *each* element of a claim is satisfied by the accused device, either literally or equivalently. *PC Connector Solutions LLC v. Smartdisk Corp.*, 406 F.3d 1359, 1364 (Fed. Cir. 2005). Mr. Morley's second declaration, however, contains nothing more than broad statements describing how the various claim limitations of the asserted claims are allegedly similar to components of the Wayport HSIA service. For example, regarding the "vending machine" limitation, Mr. Morley merely offers the

---

[5] PowerOasis' sole support for its doctrine of equivalents arguments is derived from Mr. Morley's declaration because there are no independent arguments in the opposition brief. (*See* PO Opp. at 7, 9, 10, 11, 13, and 15).

-7-

conclusory statements that the claimed vending machine and the Wayport HSIA network "perform the same function," "work the same way," and "achieve the same result" without any substantive analysis. (*See* Second Declaration Of Richard E. Morley (Morley Second Decl., at ¶ 4.b). The Federal Circuit has held that such conclusory statements are insufficient. *Texas Instruments*, 90 F.3d at 1567-8 ("[expert] testimony that the 'conductors' in the accused processes and the claimed processes were the 'same' and performed the 'same function' was merely generalized testimony as to the overall similarity. Thus, [the expert] did not provide particularized testimony regarding the equivalence of the claim limitations in dispute, and his testimony cannot support a finding that the differences were 'insubstantial.'"). Accordingly, Mr. Morley's second declaration is wholly insufficient to support an argument of infringement under the doctrine of equivalents and should be dismissed.

Not only does Mr. Morley's second declaration completely fail to provide the requisite particularized testimony accompanied with linking arguments, it fails to address each of the three elements of the function-way-result test, which is the test that PowerOasis has chosen to use in trying to prove infringement under the doctrine of equivalents.[6] *Lear Siegler, Inc. v. Sealy Mattress Co. of Michigan, Inc.*, 873 F.2d 1422, 1425 (Fed. Cir. 1989). Instead of addressing all three prongs for each claim limitation, as required, Mr. Morley provides an incomplete analysis by cherry-picking to avoid addressing those prongs that cannot be met. For example, in the discussion of the "payment mechanism" limitation, Mr. Morley discusses only the function prong and completely overlooks the way and result prongs. (Morley Second Decl., ¶ 5.b). Similarly for the "customer interface" limitation, Mr. Morley omits any discussion of the way prong. (Morley Second Decl., ¶ 6.a and 6.b). Mr. Morley makes these omissions for good reason -- the Wayport HSIA service simply cannot satisfy the function-way-result test for

---

[6] Infringement under the doctrine of equivalents can be met by a showing of insubstantial difference between the claimed invention and the accused product or by satisfying the function-way-result test. *PC Connector*, 406 F.3d at 1364.

infringement by equivalence. Mr. Morley's deficient declaration does not even attempt to prove otherwise.

Because PowerOasis has failed to provide the requisite "particularized testimony and linking arguments" and has failed even to address all three prongs of the function-way-result test, it must be foreclosed from asserting infringement under the doctrine of equivalents. *PC Connector*, 406 F.3d at 1364 ("Having presented the district court with only conclusory statements regarding equivalence, without any particularized evidence and linking argument as to the 'insubstantiality of the differences' between the claimed invention and the accused device, or with respect to the 'function, way, result' test, ***[patentee] is now foreclosed from invoking the substantive application of the doctrine of equivalents***.") (emphasis added); *see also Network Commerce, Inc. v. Microsoft Corp.*, 422 F.3d 1353, 1363 (Fed. Cir. 2005) ("The same rule [of 'particularized testimony and linking argument'] applies in the summary judgment context"). Moreover, conclusory statements such as those contained in Mr. Morley's second declaration do not raise any genuine issues of material fact. *PC Connector*, 406 F.3d at 1364 ("Moreover, conclusory statements regarding equivalence are not enough to warrant a remand on the issue, *as they do not raise genuine issues of material fact*.") (emphasis added).

Therefore, under the controlling precedent of *PC Connector* and the other Federal Circuit decisions cited above, PowerOasis should be precluded from asserting infringement under the doctrine of equivalents for the very first time at the summary judgment phase of this case.

## IV.    CONCLUSION

For the reasons set forth above and in Wayport's opening brief, Wayport respectfully requests that the Court grant Wayport's motion for summary judgment of non-infringement of the asserted claims and preclude Mr. Morley's second declaration in its entirety.

        Respectfully submitted,

        **WAYPORT, INC.**

        By its attorneys

        /s/ Amr O. Aly
        William F. Lee (BBO #291960)
        David B. Bassett (BBO #551148)
        Wilmer Cutler Pickering Hale and Dorr LLP
        60 State Street
        Boston, Massachusetts 02109
        Tel: (617) 526-6000
        Fax: (617) 526-5000

        Amr O. Aly (admitted *pro hac vice*)
        Wilmer Cutler Pickering Hale and Dorr LLP
        399 Park Avenue
        New York, NY 10022
        Tel: (212) 230-8800
        Fax: (212) 230-8888

        Gregory F. Noonan (BBO #651035)
        Wilmer Cutler Pickering Hale and Dorr LLP
        1117 S. California Avenue
        Palo Alto, CA 94304
        Tel: (650) 858 6034
        Fax: (650) 858 6100

Dated: September 8, 2006