# Exhibit 14

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

POWEROASIS, INC. and )
POWEROASIS NETWORKS, LLC, )
              )
              Plaintiffs, )
              )
v. )          Civil Action No. 04-12023 RWZ
              )
WAYPORT, INC. )
              )
              Defendant. )

## PLAINTIFFS' ANSWERS TO WAYPORT, INC.'S
## FIRST SET OF INTERROGATORIES (NOS. 1-15)

Plaintiffs and counterclaim-defendants PowerOasis, Inc. and PowerOasis Networks, LLC

("PowerOasis") hereby respond to Defendant and Counterclaim-Plaintiff Wayport, Inc.'s

("Wayport") First Set Of Interrogatories (Nos. 1-15).

## INTERROGATORY NO. 1

With regard to each claim of each of the PowerOasis Patents being asserted against

Wayport, state and/or identify the following:

(a)     when, where, and by whom the alleged invention was first conceived and reduced to

        practice, and all documents constituting or concerning the conception and reduction to

        practice;

(b)     when, where, and to whom the alleged invention was first confidentially and non-

        confidentially disclosed by the inventor or any other person, and all documents

        constituting or referring to such disclosure;

(c)     the first written description, and all documents constituting or referring to such first

written description;

(d)     the earliest date(s) of alleged invention to which each claim is entitled;

(e)     the alleged priority date for each claim, *i.e.*, the date upon which PowerOasis contends that

subsequent knowledge or use by others in this country, patents, printed publications in

this or foreign countries, or public use would not constitute prior art; and

(f)     when, where, by whom, and to whom any alleged invention related to each claim was first

publicly demonstrated/used, disclosed, sold, and offered for sale, and all documents

constituting or referring to same.

**RESPONSE**

With reference to U.S. Patent No. 6,721,400 and U.S. Patent No. 4, 466,658, PowerOasis

asserts the following claims in each said patent against Wayport: 1, 3, 4, 5, 9, 15, 17, 18, 20, 31,

35, 38, 40, and 49.

The initial conception of the invention was by Charles Schelberg, several days after a stop

at O'Hare Airport in November, 1995. Additional aspects of the invention were conceived

thereafter by Messrs. Schelberg, Duff, and Condodemetraky. The invention was first

constructively reduced to practice as of February 6, 1997. The invention was first disclosed no

later than March 8, 1996, by Mr. Schelberg to Mr. Duff, as reflected by a diary entry, Document

No. PO - 00002. The invention was first described in writing by a memorandum of Mr.

Schelberg's that is dated March 19, 1996, Document No. PO – 04372. Regarding claims 1, 3, 5, 9,

15, 17, 38, and 49, the date of first disclosure was no later than March 8, 1996, and the date of first

written description was no later than March 19, 1996. Regarding claim 4, the invention was

conceived no later than September 30, 1996, and was first referred to in Mr. Schelberg's invention

notebook at Document No. PO - 00018.  Regarding claims 18, 20, 31, and 35, the invention was

conceived and first disclosed no later than February 6, 1997, and was first described in writing in

the application for U.S. Patent No. 5,812,843.  Regarding claim 40, the invention was first

conceived no later than June 24, 1998.

An invention related to the foregoing claims was first offered for sale in or around the Fall

of 1997.

**INTERROGATORY NO. 2**

Identify each claim of each of the PowerOasis Patents that is allegedly infringed by

Wayport, and separately for each asserted claim:

(a)     Identify as specifically as possible each product, device, apparatus, process, method, act,

or other instrumentality (hereafter "Accused Product") that, when made, used, offered for

sale, sold, or practiced by or on behalf of Wayport, allegedly is, results in, or results from

the practice, incorporation or embodiment of the claimed product, method or process.

Each Accused Product must be identified by name, model number, and all other

designations or descriptions used to identify such Accused Product, whether formal or

informal, current or past.

(b)     Provide a chart identifying specifically where each element of each asserted claim is

found within each Accused Product, and how such Accused Product embodies, practices,

incorporates, or reflects such claim, including for each element governed by 35 U.S.C. §

112, Paragraph 6, the identity of the claimed function, the structure(s), act(s), or

material(s) disclosed in the specification for performing the claimed function, and the

structure(s), act(s), or material(s) in the Accused Product that performs the claimed

function.

(c)     State whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Product, and explain the basis of how each claim limitation that is allegedly met under the doctrine of equivalents is so met.

(d)     Identify as specifically as possible each process, method, product, device, apparatus, act, or other instrumentality of Wayport, or any of its licensee(s), that practices, incorporates, or reflects that claim. Each process, method, product, device, apparatus, act, or other instrumentality must be identified by name, model number, and all other designations or descriptions used to identify such process, method, product, device, apparatus, act, or other instrumentality, whether formal or informal, current or past.

(e)     To the extent PowerOasis makes any contention of infringement other than direct infringement under 35 U.S.C. § 271(a), so state, identify with particularity the section and subparagraph of Title 35 under which infringement is alleged, and state in detail the basis of such contention.

**RESPONSE**

Claims 1, 3, 4, 5, 9, 15, 17, 18, 20, 31, 35, 38, 40, and 49 of the '400 patent and of the '658 patent are infringed by Wayport's wired and wireless internet access service, both literally and under the doctrine of equivalents. The following chart specifies which claims are infringed by the Wayport High Speed Internet Access Service as described in document number WP000206-WP000231 produced by Wayport in this action.

| Limitation | '658 Patent | '400 Patent | Evidence of Infringement by Wayport |
|---|---|---|---|
| Claim 1, Preamble | *A vending machine for vending telecommunications channel access to a customer, said vending machine comprising:* | *A vending machine for vending telecommunications channel access to a customer, said vending machine comprising:* | Wayport uses networked equipment to sell Internet (i.e., telecommunications channel) access to customers that includes and performs the components and functions set forth in limitations (a) through (f) of Claim 1 of each patent. The vending of telecommunications access is evidenced by Exhibits 11-27 of the Duff Affidavit and Exhibits 1-16 of the Joransen Affidavit. Wayport holds itself out as a vendor of telecommunications access on its Website (Duff Affidavit, Exhibits 2-5) and in signs at airports (Joransen Affidavit, Exhibits 1, 3, 4, 9). |
| 1.a. | *a payment mechanism for receiving payment from the customer;* | *a payment mechanism for obtaining information from the customer to initiate a vending transaction;* | Wayport provides a mechanism by which the customer makes payment by credit card or authorizes a charge to his hotel room to initiate a vending transaction. The payment mechanism receives the customer's credit card information or permission to charge the hotel room and provides for the receipt of payment from the customer. Access is initiated after customer information is obtained. |
| 1.b. | *a customer interface for indicating the status of said vending machine;* | *a customer interface for indicating the status of said vending machine;* | The customer is informed by means of an interface consisting of various screens on his laptop computer of the status of his connection, such as a page advising him when he is connected. |
| 1.c. | *an electronic circuit for determining when the vending transaction is completed;* | *an electronic circuit for determining when the vending transaction is completed;* | Under the Wayport "pay as you go" service, Wayport employs a circuit for determining when access is to be terminated at the end of the period for which the customer has paid for Internet access. |

| 1.d. | *a telecommuni-cations channel access circuit adapted to be connected to at least one external telecommunications channel for enabling access to the at least one external telecommunications channel at the beginning of a vending transaction and disabling access at the end of the vending transaction;* | *a telecommuni-cations channel access circuit adapted to be connected to at least one external telecommunications channel for enabling access to the at least one external telecommunications channel at the beginning of a vending transaction and disabling access at the end of the vending transaction;* | Wayport uses a wired or wireless connection to a control unit that is in turn connected to an external telecommunications channel (e.g., the Internet) to enable access on a "pay as you go" basis at the beginning of the pay period and disable it at the end of the pay period. It uses a wireless access point/router or wired router networked to an authorization/billing server to enable the customer to access the Internet at the beginning of the vending transaction. The customer is disconnected at the end of the pay period chosen. |
|---|---|---|---|
| 1.e. | *a telecommuni-cations channel access connector connected to said telecommunications channel access circuit for enabling connection to an external telecommunications device of the customer; and* | *a telecommuni-cations channel access connector connected to said telecommunications channel access circuit for enabling connection to an external telecommunications device of the user; and* | Wayport uses both wired and wireless connections to the user's computer. In a wired connection, the customer's laptop is physically connected to Wayport's equipment via a cable and an RJ-45 connector. In a wireless connection, the customer's laptop is connected via radio waves and a wireless access point or router. |
| 1.f. | *a control unit having a storage device for storing payment information received from the customer and for controlling said electronic circuit and said telecommuni-cations channel access circuit.* | *a control unit having a device for receiving payment information received from the customer and for controlling said electronic circuit and said telecommuni-cations channel access circuit.* | Wayport provides this function using an authentication server that receives payment information and authorizes access through a wireless access point or wired access router. |

| 3. | *A vending machine as claimed in claim 1, wherein said payment mechanism is an electronic payment mechanism.* | *A vending machine as claimed in claim 1, wherein said payment mechanism is an electronic payment mechanism.* | Wayport's service uses an electronic payment mechanism. See, e.g., WP000221-222. |
|---|---|---|---|
| 4. | *A vending machine as claimed in claim 3, wherein said electronic payment mechanism comprises at least one of a credit card, debit card, smart card, prepaid card and RF ID card.* | *A vending machine as claimed in claim 3, wherein said electronic payment mechanism comprises at least one of a credit card, debit card, smart card, prepaid card and RF ID card.* | Same as 3. |
| 5. | *A vending machine as claimed in claim 3, wherein said electronic payment mechanism comprises a device for reliably authenticating the customer.* | *A vending machine as claimed in claim 3, wherein said electronic payment mechanism comprises a device for reliably authenticating the customer.* | Same as 3. |
| 9. | *A vending machine as claimed in claim 3, wherein said electronic payment mechanism comprises a device for authorizing a billing transaction.* | *A vending machine as claimed in claim 3, wherein said electronic payment mechanism comprises a device for authorizing a billing transaction.* | Same as 3. |
| 15. | *A vending machine as claimed in claim 1, wherein said customer interface comprises a mechanism that interfaces with software supplied by the customer.* | *A vending machine as claimed in claim 1, wherein said customer interface comprises a mechanism that interfaces with software supplied by the customer.* | The user of the Wayport system uses his own computer that employs its own software to launch a web browser. See, e.g., WP000211. |

| 17. | *A vending machine as claimed in claim 1, wherein said telecommunications channel access circuit is switchable.* | *A vending machine as claimed in claim 1, wherein said telecommunications channel access circuit is switchable.* | Wayport's service includes a switchable telecommunications channel access circuit in the Network Management Device that enables and disables access to an external telecommunications channel by the customer. |
|---|---|---|---|
| 18. | *A vending machine as claimed in claim 1, wherein said telecommunications access channel connector comprises a high bandwidth channel connector.* | *A vending machine as claimed in claim 1, wherein said telecommunications access channel connector comprises a high bandwidth channel connector.* | Wayport's service employs a high bandwidth wired or wireless connector, in the form of either an RJ-45 connector or a wireless access point or router. |
| 20. | *A vending machine as claimed in claim 18, wherein said telecommunications access channel connector comprises a copper line connector.* | *A vending machine as claimed in claim 18, wherein said telecommunications access channel connector comprises a copper line connector.* | Wayport offers a wired service employing a high bandwidth copper line connector. See. E.g., WP000154. |
| 31. | *A vending machine as claimed in claim 1, wherein said telecommunications channel access circuit is adapted to be connected to a direct Internet connection via an Internet Service Provider selected by the vending machine.* | *A vending machine as claimed in claim 1, wherein said telecommunications channel access circuit is adapted to be connected to a direct Internet connection via an Internet Service Provider selected by the vending machine.* | Wayport's service employs Wayport as an internet service provider. See, e.g., WP000150. |

| 35. | *A vending machine as claimed in claim 1, wherein said telecommunications channel access connector comprises a transceiver to connect wirelessly to an external telecommunications device of the customer.* | *A vending machine as claimed in claim 1, wherein said telecommunications channel access connector comprises a transceiver to connect wirelessly to an external telecommunications device of the customer.* | Wayport offers a wireless service connecting to the user's device. See, e.g., WP000150. |
|---|---|---|---|
| 38. | *A vending machine as claimed in claim 1, wherein said control unit is located remote from said vending machine.* | *A vending machine as claimed in claim 1, wherein said control unit is located remote from said vending machine.* | See, e.g., WP000154. |
| 40. | *A vending machine as claimed in claim 1, wherein said control unit further comprises circuitry for controlling a plurality of vending machines.* | *A vending machine as claimed in claim 1, wherein said control unit further comprises circuitry for controlling a plurality of vending machines.* | Same as 38. |
| 49. | *A vending machine as claimed in claim 1, wherein said payment mechanism comprises a mechanism that interfaces with software resident on equipment of the customer.* | *A vending machine as claimed in claim 1, wherein said payment mechanism comprises a mechanism that interfaces with software resident on equipment of the customer.* | Wayport's service incorporates a payment mechanism that interfaces with the browser and operating system software on the customer's laptop computer to permit the customer to select payment options and provide payment information. |

**INTERROGATORY NO. 3**

For each Accused Product identified in response to Interrogatory No. 2, set forth detailed

information concerning PowerOasis's first awareness of such Accused Product, including without

**RESPONSE**

PowerOasis objects to Interrogatory No. 15 on the grounds that it calls for information that is protected by PowerOasis' attorney-client privilege and by the work product doctrine. Without waiving this objection, PowerOasis states that the persons who were involved with or participated in the addition of the language described in Interrogatory No. 15 were Charles Schelberg, Thomas Duff and Randy Smith, Esq.

Signed under the pains and penalties of perjury this _____ day of May, 2005.

POWEROASIS, INC. and

By_____
      Thomas C. Duff, President

POWEROASIS NETWORKS, LLC

By_____
      William Joransen, Manager

Signed as to Objections:

_____
Sibley P. Reppert, B.B.O. No. 416900
LAHIVE & COCKFIELD, LLP
28 State Street
Boston, Massachusetts 02109 – 1784
(617) 227-7400 (telephone)
(617) 742-4214 (fax)

**CERTIFICATE OF SERVICE**

I, Sibley P. Reppert, hereby certify that I caused the foregoing to be served by first class mail, postage pre-paid, on counsel of record this 16th day of May, 2005.

_____
Sibley P. Reppert

- 17 -

**RESPONSE**

PowerOasis objects to Interrogatory No. 15 on the grounds that it calls for information that is protected by PowerOasis' attorney-client privilege and by the work product doctrine.  Without waiving this objection, PowerOasis states that the persons who were involved with or participated in the addition of the language described in Interrogatory No. 15 were Charles Schelberg, Thomas Duff and Randy Smith, Esq.

Signed under the pains and penalties of perjury this 13th day of May, 2005.

POWEROASIS, INC. and

By _____
        Thomas M. Duff, President

POWEROASIS NETWORKS, LLC

By _____
        William Joransen, Manager

Signed as to Objections:


_____
Sibley P. Reppert, B.B.O. No. 416900
LAHIVE & COCKFIELD, LLP
28 State Street
Boston, Massachusetts  02109 – 1784
(617) 227-7400 (telephone)
(617) 742-4214 (fax)


**CERTIFICATE OF SERVICE**

I, Sibley P. Reppert, hereby certify that I caused the foregoing to be served by first class mail, postage pre-paid, on counsel of record this ____ day of May, 2005.


_____
Sibley P. Reppert


- 17 -

## RESPONSE

PowerOasis objects to Interrogatory No. 15 on the grounds that it calls for information that is protected by PowerOasis' attorney-client privilege and by the work product doctrine. Without waiving this objection, PowerOasis states that the persons who were involved with or participated in the addition of the language described in Interrogatory No. 15 were Charles Schelberg, Thomas Duff and Randy Smith, Esq.

Signed under the pains and penalties of perjury this _12th_ day of May, 2005.

POWEROASIS, INC. and

By_____
           Thomas C. Duff, President

POWEROASIS NETWORKS, LLC

By_____
           William Joransen, Manager

Signed as to Objections:

_____
Sibley P. Reppert, B.B.O. No. 416900
LAHIVE & COCKFIELD, LLP
28 State Street
Boston, Massachusetts 02109 – 1784
(617) 227-7400 (telephone)
(617) 742-4214 (fax)

## CERTIFICATE OF SERVICE

I, Sibley P. Reppert, hereby certify that I caused the foregoing to be served by first class mail, postage pre-paid, on counsel of record this ____ day of May, 2005.

_____
Sibley P. Reppert

- 17 -