# Exhibit 15



Not Reported in F.Supp.2d                                                                                                                          Page 1
Not Reported in F.Supp.2d, 2005 WL 1527883 (D.Mass.)
**(Cite as: Not Reported in F.Supp.2d)**

H
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Massachusetts.
**CYTYC** CORPORATION, Plaintiff/Defendant,
v.
TRIPATH IMAGING, INC., Defendant/Plaintiff.
**No. Civ.A. 03-11142-DPW, Civ.A. 03-12630-DPW.**

June 21, 2005.

Amr O. Aly, Wilmer Cutler Pickering Hale and Dorr LLP, New York, NY, Lisa J. Pirozzolo, Patrick M. Callahan, Timothy R. Shannon, William F. Lee, Wilmer Cutler Pickering Hale and Dorr LLP, Boston, MA, for Plaintiff/Defendant.
Charles A. Burke, Christopher G. Daniel, John F. Morrow, Jr., Michael E. Ray, Womble Carlyle Sandridge & Rice PLLC, Winston-Salem, NC, Francis C. Lynch, Kenneth W. Salinger, Rafael E. Rosado, Palmer & Dodge LLP, Boston, MA, for Defendant/Plaintiff.

*MEMORANDUM AND ORDER*
**WOODLOCK**, J.
**\*1** Before me in this patent litigation-where fact discovery has closed and expert discovery is ongoing-are various motions based upon alleged discovery abuses by the opposing parties. TriPath Imaging, Inc. ("TriPath") has moved for a court order excluding any invalidity or unenforceability defenses raised by Cytyc Corporation ("Cytyc") based upon its CDS-1000 product, a precursor to the accused ThinPrep Imaging System ("TIS") device. TriPath also seeks leave to amend the scheduling order to permit it to designate a rebuttal expert to respond to a "surprise expert report" by one of Cytyc's experts or, in the alternative, to exclude the latter's report. For its part, Cytyc has moved to exclude four "rebuttal" expert reports it contends were late-filed by TriPath and to preclude TriPath from further pursuing defenses or arguments raised for the first time in those reports. The parties seek a revision of scheduling orders to complete discovery.

I. BACKGROUND

Before turning to the merits of the motions, I briefly outline the relevant procedural background and, specifically, the allegedly abusive discovery conduct being challenged by the parties.

Cytyc commenced a declaratory judgment action against TriPath in this court in June 2003, seeking a finding of invalidity and non-infringement with respect to six TriPath patents.[FN1] This action, which has been designated the lead case, was later consolidated with an infringement action TriPath had filed against Cytyc in North Carolina. TriPath contends that TIS infringes four of its patents related to screening Pap test slides; Cytyc argues that TIS does not infringe the patents and also that the patents are invalid as anticipated by prior art.

> FN1. Cytyc subsequently dropped its claims relating to two of the six patents initially challenged.

An initial scheduling order was entered on October 30, 2003, and provided for fact discovery to conclude on June 30, 2004 and expert discovery to close on October 15, 2004. Thereafter, on two occasions the parties jointly moved to amend the scheduling order to extend the discovery deadlines. Pursuant thereto, fact discovery was to conclude on January 31, 2005 and expert discovery on April 29, 2005.

On January 10, 2005, a Cytyc employee discovered source code for the CDS-1000 device on an outdated and discarded computer he came across while cleaning out a laboratory in preparation for the company's relocation to a new facility.[FN2]

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                   Page 2
Not Reported in F.Supp.2d, 2005 WL 1527883 (D.Mass.)
**(Cite as: Not Reported in F.Supp.2d)**

Cytyc's counsel notified counsel for TriPath of this development the same day and suggested that the depositions of two former Cytyc employees who were involved in the development of the CDS-1000-depositions scheduled to take place only a few days later-be postponed to allow the parties to review the newly-discovered materials. The depositions of the witnesses were postponed until January 27 and 28, 2005. Cytyc provided TriPath with copies of the computer code, readable in several formats, on January 11, 2005. Cytyc supplemented this production on January 21, 2005 and then again on January 27, 2005. The cover letter accompanying the January 27, 2005 production indicated that it "contained files not present on the two previously produced disks." [Ex. 9 to Memorandum in Support of TriPath's Motion to Exclude Defenses Based on Cytyc's CDS-1000 ("TriPath Exclude Memo") at p. 3.]

> FN2. The computer was discovered-amidst various other old, discarded equipment-under a table in a laboratory at Cytyc's former facility in Boxborough, Massachusetts.

*2 Both parties supplemented their interrogatory responses on the final day of fact discovery-January 31, 2005-after the close of business hours.[FN3] Cytyc submitted a second set of objections and supplemental responses to two of the interrogatories propounded by TriPath, only one of which-Interrogatory No. 6-is now at issue. Interrogatory No. 6 called upon Cytyc to:

> FN3. The content of the supplemental responses filed by TriPath on January 31, 2005 are not directly relevant to the motions under consideration.

State the basis for Cytyc's contention that the TriPath patents listed in the First Amended Complaint are invalid or unenforceable, including but not limited to a detailed description of any and all prior art upon which any claim of invalidity or unenforceability is based.
[Ex. 1 to TriPath Exclude Memo at p. 4.] In its January 31, 2005 supplemental response to this interrogatory, Cytyc alleged for the first time that two of the patents-in-suit were invalid due to the prior art of Cytyc's CDS-1000, which it claimed also had implications for the anticipation due to obviousness issue present in the case. [Id. at p. 5-7.] TriPath thereafter demanded that Cytyc "withdraw all claims that the CDS-1000 invalidates, or constitutes prior art" to the patents at issue, claiming that Cytyc "failed to disclose these theories of invalidity in a timely fashion," thereby prejudicing TriPath. [Ex. 7 to TriPath Exclude Memo at p. 1-2.] Cytyc did not agree to withdraw the claims. [Id. at p. 3-4.]

Pursuant to the scheduling order, the parties were to serve expert reports on the issues on which they bore the burden of proof on March 7, 2005, and rebuttal expert reports on April 14, 2005.[FN4] Accordingly, the initial expert reports served by TriPath concerned infringement and remedy, and those served by Cytyc invalidity; the rebuttal expert reports from TriPath addressed invalidity, and those from Cytyc took up infringement and remedy.

> FN4. This two-phase expert report process was negotiated by the parties, set forth in their Local Rule 16.1 Joint Statement, and incorporated by the court into the scheduling order.

Regarding the damages component of remedy, TriPath submitted an expert report from an economist, Christopher Bokhart, who offered opinions about both the lost profits suffered by TriPath due to the alleged infringing conduct by Cytyc, as well as the reasonable royalty fees owed to TriPath by Cytyc for its infringement. Among the rebuttal reports served by Cytyc was one from Ralph Richart, M.D., an expert in obstetrics/gynecology and pathology. After setting forth his qualifications and technical background information about cervical cancer and its diagnosis, Dr. Richart offered the following three expert opinions: (1) the Pap test product offered by Cytyc-ThinPrep Pap Test-was clinically superior to SurePath Test Kit, the competing product sold by TriPath; (2) Cytyc's semi-automated cervical cancer

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                              Page 3
Not Reported in F.Supp.2d, 2005 WL 1527883 (D.Mass.)
**(Cite as: Not Reported in F.Supp.2d)**

screening system-ThinPrep Imaging System-was both clinically superior to and more efficient than FocalPoint Slide Profiler, TriPath's competing automated primary screening system; and (3) an injunction barring the use or sale of Cytyc's ThinPrep Imaging System would have a "negative impact on women" because it would prevent laboratories from "avail[ing] themselves of this labor-saving device or its increased detection rate," thereby resulting in "a continuation of the backlogs [in processing Pap test results], a continuation of the cytotechnologist shortage and potentially, in some patients, neoplastic lesions going undetected." [Exhibit B to Memorandum in Support of TriPath Imaging, Inc.'s Motion to Amend ("TriPath Amend Memo") at p. 18.]

*3 On May 2, 2005-two-and-a-half weeks after the rebuttal expert reports were circulated-TriPath served four "response" expert reports, which purported to supplement its previously-filed expert reports on infringement in light of (1) "new positions" raised by Cytyc in its non-infringement expert reports and (2) contentions in Cytyc's rebuttal expert reports that TriPath's initial expert reports had failed to address the Doctrine of Equivalents theory of infringement.

II. DISCUSSION

Three discovery-related motions are now pending: (1) TriPath's motion to exclude defenses based on Cytyc's CDS-1000 product; (2) TriPath's motion to amend the scheduling order to designate a rebuttal expert or, in the alternative, to strike one of the expert reports filed by Cytyc; and (3) Cytyc's motion to exclude TriPath's late-served expert reports. I address the motions in turn before taking up TriPath's recently filed Motion to Compel the Timely Completion of Expert Depositions.

A. *TriPath's Motion to Exclude CDS-1000 Defenses*

TriPath argues that Cytyc "failed to supplement its interrogatory responses during the fact discovery period to disclose any defenses" based on its CDS-1000 product. TriPath further contends that this alleged failure to disclose was without substantial justification and resulted in "severe prejudice" to TriPath, which was deprived of the opportunity to conduct discovery on the defenses related to the CDS-1000. As a remedy, TriPath moves for the exclusion of any defense of patent invalidity or unenforceability based on the CDS-1000 but not, notably, for leave to pursue additional discovery to remedy the purported prejudice.

In response to the motion, Cytyc points out that it produced all materials related to the CDS-1000 before the close of fact discovery; that it supplemented its initial production as new materials-for example, the computer code discovered on January 10, 2005 and produced to TriPath the very next day-were discovered; and that it supplemented its responses to the contention interrogatory at issue once it reached the conclusion that the CDS-1000 was prior art, a supplementation made within, albeit at the end of, the fact discovery period. Cytyc denies engaging in a "litigation strategy" to keep the information from TriPath or " purposefully" failing to disclose its contentions, as TriPath alleges.

TriPath's argument that the defenses should be excluded pursuant to Rule 37(c)(1) [FN5] because of Cytyc's failure to comply with Rule 26(e)(2) [FN6] is unavailing. Cytyc satisfied its supplementation obligations under Rule 26, both by providing TriPath with the CDS-1000 computer code as soon as reasonably possible after discovering the information and also by supplementing its contention interrogatory response to assert the CDS-1000 as prior art. TriPath has made no showing that Cytyc's supplementation-with regard to the CDS-1000 computer code, any other CDS-1000 materials, or the contention interrogatory response-was intentionally delayed so as to prejudice TriPath or was otherwise untimely.

FN5. Regarding the failure to disclose, Fed.R.Civ.P. 37 states that:
A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                             Page 4
Not Reported in F.Supp.2d, 2005 WL 1527883 (D.Mass.)
**(Cite as: Not Reported in F.Supp.2d)**

amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.
Fed.R.Civ.P. 37(c)(1).

FN6. Fed.R.Civ.P. 26(e)-which applies to supplementation of disclosures and responses-provides, in relevant part:
A party who has ... responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the court or in the following circumstances:
...
(2) A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.
Fed.R.Civ.P. 26(e).

*4 Cytyc represents that it supplemented its interrogatory response to indicate the CDS-1000 was prior art "once it reached that conclusion." TriPath has offered no evidence to the contrary. The contention interrogatory at issue concerns a legal conclusion-*i.e.,* how the patents-in-suit were invalid or unenforceable. That Cytyc determined an additional basis for its invalidity and unenforceability arguments at the very end of the fact discovery process does not render it in violation of the applicable discovery rules. The outcome would be different had Cytyc withheld all of the CDS-1000 materials from TriPath until the waning hours of the fact discovery period and only then sprung both its expanded invalidity theory and also the materials upon which it was based. Here, however, Cytyc had provided TriPath with the vast majority of the CDS-1000 materials many months earlier and both parties had relied upon the prior production in conducting their fact discovery.[FN7] TriPath, therefore, was in possession of these materials and also of Cytyc's supplemental response to the contention interrogatory more than two months before its rebuttal expert reports on the issue of invalidity were due.

FN7. As set forth *supra,* the fact that the CDS-1000 computer code was not disclosed until January 2005 was not due to misconduct on the part of Cytyc and did not cause significant prejudice to TriPath.

In a declaration submitted in support of the motion to exclude, counsel for TriPath sets forth what he would have done differently in the course of fact discovery had he known at the time that Cytyc would assert the CDS-1000 as prior art. Specifically, counsel avers that he would have " covered a number of additional topics with technical witnesses in depositions" and that there were "a number of additional witnesses that I would have very seriously considered deposing in addition to witnesses that were in fact deposed." [Declaration of Michael E. Ray in Support of TriPath's Motion to Exclude Defenses Based on Cytyc's CDS-1000 at p. 2-3.] Had TriPath requested the opportunity to conduct some further specific fact discovery based upon the CDS-1000-as-prior-art theory being disclosed so late in the fact discovery process, I likely would have granted the request. Instead, however, TriPath seeks the wholesale exclusion of the defense, a draconian remedy unwarranted in these circumstances. That TriPath regarded the relevance of the CDS-1000 as limited to the issue of infringement-and did not appreciate or inquire into

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                        Page 5
Not Reported in F.Supp.2d, 2005 WL 1527883 (D.Mass.)
**(Cite as: Not Reported in F.Supp.2d)**

its potential as invalidating prior art-does not entitle it to a ruling excluding the defense. And TriPath having chosen to seek an all-or-nothing remedy, I will not now entertain a request for any further fact discovery.

### B. *TriPath's Motion to Amend Scheduling Order*

As noted above, among the rebuttal expert reports served by Cytyc was one from Dr. Richart, an obstetrics/gynecology and pathology expert. Dr. Richart offered several expert opinions, including that the issuance of an injunction against Cytyc would have a "negative impact on women." TriPath argues that Cytyc would bear the burden of proof on the issue of a public health defense to the issuance of a permanent injunction following a finding of patent infringement and, therefore, that Dr. Richart's report should have been provided during the first stage of expert reports. TriPath further maintains that Dr. Richart's report cannot fairly be characterized as being in "rebuttal" to the report submitted by Mr. Bokhart, TriPath's economist expert on damages, as Mr. Bokhart did not address the effect of the entry of a permanent injunction either generally or with respect to public health in particular. TriPath characterizes the other two opinions offered by Dr. Richard-*i.e.,* the clinical superiority and enhanced efficiency of certain Cytyc products in comparison to competing TriPath products-as being made in support of his conclusion regarding the deleterious public health effects of issuing an injunction and, furthermore, as non-responsive to Mr. Bokhart's report, which supposedly offered no opinions on the relative " clinical or qualitative abilities" of the competing products.

*5 The alleged late-filing of Dr. Richart's report deprived TriPath, so it contends, of the opportunity for rebuttal via its own responsive expert report. To remedy this harm, TriPath moves to amend the scheduling order to allow it to designate a rebuttal expert to Dr. Richart or, alternatively, to strike Dr. Richart's report from the record.

In response, Cytyc first objects to TriPath's characterization of Dr. Richart's report as "primarily " about the public health effects of issuing an injunction. Additionally, Cytyc argues that Dr. Richart's report was responsive to Mr. Bokhart's in that it addressed factual assumptions upon which the latter report was based, namely that (1) demand for imagers from laboratories in the cytological-screening market was driven by the increased reliability and diagnostic accuracy offered by these products, (2) the imagers offered by the parties equally satisfied this demand criteria, and (3) sales of Cytyc's product therefore displaced sales of TriPath's competing product.

A review of Mr. Bokhart's expert report indicates that it was based upon various assumptions regarding market-driving forces and product equivalency, at least with respect to satisfying the identified demand criteria. Accordingly, Cytyc was entitled to submit a rebuttal expert report addressing these issues. Cytyc is correct in its contention that TriPath bears the initial burden of proof both with respect to infringement and also to remedy, including injunctive relief. Nevertheless, should patent infringement and validity be found, a rebuttal presumption of irreparable harm to the patentee would arise. Under those circumstances, Cytyc, not TriPath, would bear the burden of establishing a " sufficient reason"-such as harm to the public health-for denying injunctive relief.

Accordingly, to the extent that Dr. Richart's report addresses the potential deleterious effects on public health of enjoining Cytyc, TriPath is entitled to submit a rebuttal expert report. This rebuttal report should not extend beyond those matters explicitly raised in the portion of Dr. Richart's report concerning the effects of injunctive relief, namely paragraphs 59 through 63. In other words, TriPath has leave to respond to the two other expert opinions offered by Dr. Richart only to the extent that they are explicitly referenced, if at all, in his injunction-related conclusions.

### 3. *Cytyc's Motion to Exclude Late-Served Expert Reports*

Several weeks after the parties exchanged their rebuttal expert reports, TriPath served four "

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                          Page 6
Not Reported in F.Supp.2d, 2005 WL 1527883 (D.Mass.)
**(Cite as: Not Reported in F.Supp.2d)**

response" expert reports. The scheduling order provided only for two rounds of expert reports-initial and rebuttal. Cytyc has moved to exclude the "response" reports offered by TriPath on grounds including that the reports cite new extrinsic evidence, contain new claim constructions, and raise new infringement arguments-among them the contention that seventeen claims of the patents-in-suit are infringed by Cytyc under the Doctrine of Equivalents ("DOE")-that should have been raised in fact discovery or in TriPath's initial expert reports. Cytyc alleges that TriPath was obligated to set forth its DOE arguments in its interrogatory responses, and that Cytyc would be " severely prejudiced" were TriPath allowed to introduce new evidence and arguments to which Cytyc could not respond.

*6 TriPath argues that it had a duty under Rule 26(e)(1) to supplement its expert reports based upon the content of Cytyc's rebuttal reports on the issue of non-infringement. In Cytyc's rebuttal reports, so TriPath alleges, the company's experts both asserted "new positions that had not been stated ... in its interrogatory responses" and contended that "TriPath's initial reports failed to address the Doctrine of Equivalents." TriPath maintains that it was substantially justified in serving the "response" reports and also that Cytyc suffered no prejudice as a result of its doing so because, as expert discovery is ongoing, Cytyc still has the opportunity to depose TriPath's experts regarding their "response" reports. TriPath also argues that its interrogatory responses were not defective, in that the relevant contention interrogatory did not call upon it to parse its infringement analysis into literal infringement and DOE infringement, but simply to "identify[ ] each claim allegedly infringed and each Accused Cytyc Product and set[ ] forth an element-by-element comparison of the claim to the Accused Cytyc Product."

While TriPath is correct that the contention interrogatory propounded by Cytyc did not by its terms obligate TriPath to set forth a separate DOE analysis, it should have done so explicitly in its initial expert reports. The DOE theory is such a fundamental form of infringement opinion, I will not permit that theory to be developed for the first time in "response" expert reports.

### D. *TriPath's Motion to Compel the Timely Completion of Expert Depositions*

While the motions considered above have been pending, the parties have engaged in the customary squabbling about the quotidian details of scheduling. TriPath, without complying with the obligation under Local Rule 7.1(a)(2) to consult before seeking relief from the court, filed an overwrought motion to compel "timely completion of expert depositions." The apparent purpose was to vie for expedited court attention to its disputes. The disposition of the pending motions apparently leaves the parties in agreement about a new schedule. Consequently, TriPath's motion will be allowed to the extent it seeks to extend the deadlines for the completion of both non-damages and damages expert depositions, as well as the deadlines for the submission of claim construction briefs and responsive claim construction briefs. Granting this relief does *not* impact the timing of the Markman hearing, which will proceed as scheduled on September 6-8, 2005.

### III. CONCLUSION

For the reasons set forth more fully above:

(1) TriPath's Motion to Exclude Defenses Based on the CDS-1000 is DENIED;

(2) TriPath's Motion to Amend Scheduling Order to Designate Rebuttal Expert is GRANTED in part;

(3) Cytyc's Motion to Exclude TriPath's Late-Served Expert Reports is ALLOWED to the extent the reports seek to frame a Doctrine of Equivalents infringement theory;

(4) TriPath's Motion to Compel the Timely Completion of Expert Depositions is ALLOWED to the extent that:

*7 (a) the deadline for the completion of

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                         Page 7
Not Reported in F.Supp.2d, 2005 WL 1527883 (D.Mass.)
**(Cite as: Not Reported in F.Supp.2d)**

non-damages expert depositions is extended to July 8, 2005; (b) the deadline for the completion of damages expert depositions is extended to July 29, 2005; and (c) the deadline for the submission of claim construction briefs is extended to July 18, 2005 and the deadline for the submission of responsive claim construction briefs is extended to August 8, 2005.

D.Mass.,2005.
Cytyc Corp. v. Tripath Imaging, Inc.
Not Reported in F.Supp.2d, 2005 WL 1527883 (D.Mass.)

Briefs and Other Related Documents (Back to top)

• 2006 WL 1734066 () Declaration of John C. Russ, PH.D. in Support of Tripath Imaging, Inc.'s Motion for Summary Judgment of Non-Anticipation of U.S. Patent No. 5,793,969 (May 15, 2006) Original Image of this Document (PDF)
• 2006 WL 1734067 () Declaration of C. Patrick Reynolds, M.D., PH.D. In Support of Summary Judgment of Non-Anticipation of U.S. Patent No. 5,257,182 (May 15, 2006) Original Image of this Document (PDF)
• 2006 WL 1734068 () Declaration of John C. Russ, PH.D. In Support of Summary Judgment of Non-Anticipation of U.S. Patent No. 6,327,377 (May 15, 2006) Original Image of this Document (PDF)
• 2006 WL 1734069 () Declaration of Dr. Kenneth Castleman in Support of Cytyc's Motions for Summary Judgment of Noninfringement and/or Invalidity of U.S. Patent Nos. 5,257,182, 6,327,377, 5,793,969, and 5,715,327 (May 15, 2006) Original Image of this Document (PDF)
• 2006 WL 1880044 () Declaration of Dr. Gerard Jean Yves Brugal in Support of Cytyc's Motion for Summary Judgment of Noninfringement of U.S. Patent No. 5,793,969 (May 15, 2006) Original Image of this Document (PDF)
• 2005 WL 3071712 () Declaration of John C. Russ, Ph.D. in Support of Tripath Imaging, Inc.'s Response Claim Construction Brief (Aug. 11, 2005) Original Image of this Document (PDF)
• 2005 WL 3073156 () Declaration of John C. Russ, Ph.D. in Support of Tripath Imaging, Inc.'s Response Claim Construction Brief (Aug. 11, 2005)
• 2005 WL 3071708 () Declaration of Gerard Jean Yves Brugal Ph.D. in Support of Cytyc's Openign Claim Construction Brief (Jul. 21, 2005) Original Image of this Document (PDF)
• 2005 WL 3071709 () Declaration of Trevor Jackson Darrell, Ph.D. in Support of Cytyc's Opening Claim Construction Brief (Jul. 21, 2005) Original Image of this Document (PDF)
• 2005 WL 3071710 () Declaration of Ralph M. Richart, M.D., in Support of Cytyc's Opening Claim Construction Brief (Jul. 21, 2005) Original Image of this Document (PDF)
• 2005 WL 3073152 () Declaration of Gerard Jean Yves Brugal Ph.D. in Support of Cytyc's Openign Claim Construction Brief (Jul. 21, 2005)
• 2005 WL 3073153 () Declaration of Trevor Jackson Darrell, Ph.D. in Support of Cytyc's Opening Claim Construction Brief (Jul. 21, 2005)
• 2005 WL 3073154 () Declaration of Ralph M. Richart, M.D., in Support of Cytyc's Opening Claim Construction Brief (Jul. 21, 2005)
• 2005 WL 3071713 () Expert Report of Ralph M. Richart, M.D. (Jun. 5, 2005) Original Image of this Document (PDF)
• 2005 WL 3073157 () Expert Report of Ralph M. Richart, M.D. (Jun. 05, 2005)
• 2005 WL 4018995 () Expert Report of Dr. Trevor Jackson Darrell on Invalidity of U.S. Patent No. 5,715,327 (May 5, 2005) Original Image of this Document (PDF)
• 2005 WL 3071711 () Declaration of C. Patrick Reynolds, M.D., Ph.D. in Support of Tripath Imaging Inc.'s Response Claim Construction Brief (Mar. 7, 2005) Original Image of this Document (PDF)
• 2005 WL 3073155 () Declaration of C. Patrick Reynolds, M.D., Ph.D. in Support of Tripath Imaging Inc.'s Response Claim Construction Brief (Mar. 07, 2005)
• 2005 WL 3073283 () Expert Report of Dr. Kenneth R. Castleman Regarding the Invalidity of U.S. Patent Nos. (Mar. 7, 2005) Original Image of this Document (PDF)
• 2004 WL 2648779 (Trial Motion, Memorandum and Affidavit) Cytyc Corporation's Reply Brief in Further Support of Cross-Motion to Bifurcate Willfulness and Liability (Oct. 5, 2004) Original Image of this Document (PDF)
• 2004 WL 2648776 (Trial Motion, Memorandum

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                          Page 8
Not Reported in F.Supp.2d, 2005 WL 1527883 (D.Mass.)
**(Cite as: Not Reported in F.Supp.2d)**

and Affidavit) Cytyc Corporation's Opposition to Tripath Imaging, Inc.'s Renewed Motion to Compel and Incorporated Memorandum in Support of its Cross-Motion to Bifurcate Willfulness and Liability (Jul. 16, 2004) Original Image of this Document (PDF)
• 2004 WL 2648772 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Tripath Imaging, Inc.'s Renewed Motion to Compel Cytyc Corporation to Make an Election on the Advice of Counsel Defense to Willful Patent Infringement and to Produce All Advice of Counsel Documents (Jul. 2, 2004) Original Image of this Document (PDF)
• 2004 WL 2648763 (Trial Motion, Memorandum and Affidavit) Reply to Counterclaims of Cytyc Corporation (May 25, 2004) Original Image of this Document (PDF)
• 2004 WL 2648767 (Trial Motion, Memorandum and Affidavit) Cytyc's Reply to Tripath's Counterclaim (May 25, 2004) Original Image of this Document (PDF)
• 2004 WL 2648753 (Trial Pleading) Second Amended Complaint (Jury Trial Demanded) (May 19, 2004) Original Image of this Document (PDF)
• 2004 WL 2648757 (Trial Pleading) Cytyc's Answer and Counterclaims to Tripath's Second Amended Complaint (Jury Trial Demanded) (May 19, 2004) Original Image of this Document (PDF)
• 2004 WL 2648759 (Trial Pleading) Answer to Second Amended Complaint and Counterclaim (May 19, 2004) Original Image of this Document (PDF)
• 2004 WL 2648742 (Trial Pleading) Amended Answer and Counterclaim (May 7, 2004) Original Image of this Document (PDF)
• 2004 WL 2648748 (Trial Pleading) Second Amended Complaint (Jury Trial Demanded) (May 7, 2004) Original Image of this Document (PDF)
• 2004 WL 2648733 (Trial Motion, Memorandum and Affidavit) Cytyc Corporation's Opposition to Tripath Imaging, Inc.'s Motion to Compel and Incorporated Mem Orandum in Support of Cross-Motion to Bifurcate Willfulness and Liability (Feb. 13, 2004) Original Image of this Document (PDF)
• 2004 WL 2648727 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Tripath Imaging, Inc.'s Motion to Compel Cytyc Corporation to Make an Election on the Advice of

Counsel Defense to Willful Patent Infringement and to Produce All Advice of Counsel Documents (Jan. 30, 2004) Original Image of this Document (PDF)
• 1:03cv12630 (Docket) (Dec. 30, 2003)
• 2003 WL 23885319 (Trial Motion, Memorandum and Affidavit) Cytyc's Reply to Tripath's Counterclaim (Dec. 1, 2003) Original Image of this Document (PDF)
• 2003 WL 23885311 (Trial Pleading) Answer and Counterclaim (Nov. 10, 2003) Original Image of this Document with Appendix (PDF)
• 2003 WL 23885303 (Trial Motion, Memorandum and Affidavit) Defendant's Reply Memorandum to Plaintiff's Opposition to Defendant's Motion to Dismiss (Aug. 21, 2003) Original Image of this Document (PDF)
• 2003 WL 23885291 (Trial Motion, Memorandum and Affidavit) Defendant's Reply Memorandum to Plaintiff's Opposition to Defendant's Motion to Dismiss (Aug. 15, 2003) Original Image of this Document (PDF)
• 2003 WL 23885275 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Defendant's Motion to Dismiss (Jul. 24, 2003) Original Image of this Document (PDF)
• 2003 WL 23885267 (Trial Pleading) First Amended Complaint (Jury Trial Demanded) (Jun. 17, 2003) Original Image of this Document (PDF)
• 2003 WL 23885251 (Trial Pleading) Complaint (Jury Trial Demanded) (Jun. 16, 2003) Original Image of this Document (PDF)
• 1:03cv11142 (Docket) (Jun. 16, 2003)
• 2003 WL 23885283 (Trial Motion, Memorandum and Affidavit) Cytyc's Opposition to Tripath's Motion to Dismiss (2003) Original Image of this Document (PDF)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.