IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| POWEROASIS, INC. and<br>POWEROASIS NETWORKS, LLC,<br><br>   Plaintiffs-Counterclaim Defendants,<br><br>v.<br><br>WAYPORT, INC.,<br><br>   Defendant-Counterclaim Plaintiff. | Civil Action No.: 04-12023-RWZ<br><br>Hon. Rya W. Zobel |

**REPLY MEMORANDUM IN SUPPORT OF WAYPORT, INC.'S MOTION
TO PRECLUDE THE SECOND DECLARATION OF RICHARD E. MORLEY**

Throughout the course of fact and expert discovery, PowerOasis chose to rely exclusively on literal infringement arguments. Only after the weakness of its arguments were exposed during summary judgment briefing did PowerOasis decide to change course and raise the doctrine of equivalents for the very first time. PowerOasis' attempts to justify its actions, including the assertion that the doctrine of equivalents "has been at issue since the beginning of this case," are unsupported by fact or law. *See* Plaintiffs' Opposition To Wayport's Motion To Preclude The Second Declaration Of Richard E. Morley ("PO Opp.") at 6.

PowerOasis should be required to live with its original decision of relying only on an assertion of literal infringement. Only in that way can the Court avoid the extreme prejudice that would otherwise be caused to Wayport.

## I. ARGUMENT

PowerOasis now asserts that it could not have raised the doctrine of equivalents "any earlier" than it did because it had to wait for the Court's claim construction. (PO Opp. at 3). Even assuming that it is correct, however – a proposition with which Wayport disagrees[1] – PowerOasis' argument is disingenuous because it had at least two clear opportunities to raise the doctrine of equivalents earlier than in its opposition to Wayport's motion for summary judgment.

The Court rendered its Claim Construction Order on June 26, 2006 – more than three months ago. Had PowerOasis truly believed that its equivalency argument had merit, it should have sought to supplement its technical expert report (as required by the Federal Rules) promptly after the Order was rendered. It did not. PowerOasis also could have raised the doctrine of equivalents a month earlier than it did – in its opening brief in support of its summary judgment motion of infringement. It did not. Instead, PowerOasis waited until the last possible moment to attempt to interject this fundamental principle of patent law into this case, as a last-ditch effort to stave off summary judgment.

---

[1] There was nothing to prevent PowerOasis from providing its contentions on infringement under the doctrine of equivalents at the same time it provided its contentions on literal infringement since both contentions require a comparison of the accused product to the asserted claims.

During discovery, Wayport specifically asked PowerOasis to "explain the basis of how each claim limitation that is allegedly met under the doctrine of equivalents is so met." (*See* Interrogatory No. 2(c) of Ex. 14 to Aly Supplemental Declaration in Support of Wayport's Summary Judgment Motion and Opposition to PowerOasis' Summary Judgment Motion ("Aly Suppl. Decl.")). In response to that interrogatory, PowerOasis merely mentioned the doctrine of equivalents, without any analysis. PowerOasis now attempts to shift the blame for that failure onto Wayport by ignoring its duty to supplement discovery responses under Rule 26. PowerOasis asserts that "at no time did Wayport request any further response to [] interrogatory [No. 2]." (PO Opp. at 2). Of course, the obligation to seasonably update discovery responses falls squarely on PowerOasis and does not require prompting by Wayport as a prerequisite. Fed. R.Civ. P. 26(e)(2) ("A party is under a duty seasonably to amend a prior response to an interrogatory [] if the party learns that the response is in some material respect incomplete or incorrect").

PowerOasis also asserts that, in its response to interrogatory No. 2, it "provided an accompanying claim chart," apparently seeking to imply that the chart supports an argument of infringement under the doctrine of equivalents. (PO Opp. at 7). However, a plain reading of the chart reveals that it is directed *solely* to literal infringement. (*See* Ex. 14 to Aly Suppl. Decl.). There is nothing in the chart that could reasonably be interpreted as support for a doctrine of equivalents argument.[2]

For sure, PowerOasis' interrogatory response made a boilerplate reference to possible infringement under the doctrine of equivalents, with nothing more. The mere reference in an interrogatory response of a legal theory not pursued during discovery, however, is not sufficient to preserve it for future reliance at summary judgment stage. *Omegaflex, Inc. v. Parker Hannifin Corp.*, 425 F.Supp.2d 171, 184-5 (D. Mass. 2006) (theories "perfunctorily raised" in

---

[2] PowerOasis' suggestion that Wayport did not request "further response" to this interrogatory, *see supra*, is further evidence that PowerOasis recognizes that its interrogatory response did not actually provide support for an argument of infringement under the doctrine of equivalents.

interrogatories and then not pursued during discovery cannot be reasserted at summary judgment stage). In *Omegaflex*, Judge Ponsor denied defendant's attempt during summary judgment to rely upon a prior art reference that had merely been listed in an interrogatory response but not explored any further during discovery. Similarly here, PowerOasis seeks to rely on the doctrine of equivalents on the grounds that, during the course of 15 months of litigation, the doctrine of equivalents was mentioned once in passing in response to an interrogatory. (PO Opp. at 7). Such tactical maneuvering is the very antithesis of the Federal Rules of Discovery.

The Federal Circuit has addressed the question of whether a district court must apply the doctrine of equivalents in a situation where the doctrine was not properly asserted and the record shows no literal infringement, and approved district court findings of summary judgment of non-infringement. *See Genentech, Inc. v. Amgen*, Inc., 289 F.3d 761, 773-4 (Fed. Cir. 2002) (affirming district court's preclusion of patentee from proceeding on a theory of infringement under the doctrine of equivalents after it violated the local rules; granting motion for summary judgment of non-infringement); *Nike Inc. v. Wolverine World Wide, Inc.*, 43 F.3d 644, 648 (Fed. Cir. 1994) (affirming district court's preclusion of equivalency claim after patentee violated oral discovery order; granting summary judgment motion of non-infringement). Similarly here, PowerOasis has violated the Scheduling Order (as amended), which set January 20, 2006 as the end of discovery, and violated the Federal Rules of Civil Procedure by failing to seasonably amend its discovery responses and expert reports.

Moreover, PowerOasis' belated attempt to assert the doctrine of equivalents will greatly prejudice Wayport in several material respects:

- First, Wayport has been deprived of the opportunity to obtain fact and expert discovery on PowerOasis' newly minted theory of infringement. PowerOasis failed to provide *any* discovery responses on the doctrine of equivalents, there was *no* mention of the theory in PowerOasis' technical expert reports, and its technical expert unequivocally testified that he had "*no opinion*" on this theory of infringement. *Omegaflex*, 425 F.Supp.2d at 185 ("Having conducted no discovery on factual questions at the core of Defendant's newly asserted theories, Plaintiff would be severely prejudiced if the court now permitted Defendant [to assert the new theories at the summary judgment phase]").

-3-

- Second, Wayport has been deprived of the proper opportunity to search for prior art and present expert opinions demonstrating that there is no infringement under the doctrine of equivalents.

- Third, Wayport has been deprived of the opportunity to serve rebuttal expert reports addressing PowerOasis' theory of infringement under the doctrine of equivalents. Wayport's technical expert reports dealt only with literal infringement because that was the only theory that PowerOasis had relied upon and asserted during discovery.

- Fourth, Wayport was not provided an opportunity to depose Mr. Morley on the supposed equivalency arguments that he now presents in his Second Declaration.

- Finally, Wayport has now been subjected to this litigation with PowerOasis since November 2004, including a frivolous motion for a preliminary injunction. Wayport has a strong interest in the prompt and efficient resolution of this litigation, and should not be required to endure any further delay that would be caused by the late interjection of a brand new infringement theory to the case.

Accordingly, Wayport should not have to withstand the extreme prejudice that would result if Mr. Morley's second declaration is not precluded.

## II. CONCLUSION

For the reasons set forth above and in Wayport's opening brief, Wayport respectfully requests that the Court grant Wayport's motion and preclude Mr. Morley's second declaration in its entirety.

                        Respectfully submitted,

                        **WAYPORT, INC.**

                        By its attorneys

                        /s/ Amr O. Aly
                        William F. Lee (BBO #291960)
                        David B. Bassett (BBO #551148)
                        Wilmer Cutler Pickering Hale and Dorr LLP
                        60 State Street
                        Boston, Massachusetts 02109
                        Tel: (617) 526-6000
                        Fax: (617) 526-5000

                        Amr O. Aly (admitted *pro hac vice*)
                        Wilmer Cutler Pickering Hale and Dorr LLP
                        399 Park Avenue
                        New York, NY 10022
                        Tel: (212) 230-8800
                        Fax: (212) 230-8888

                        Gregory F. Noonan (BBO #651035)
                        Wilmer Cutler Pickering Hale and Dorr LLP
                        1117 S. California Avenue
                        Palo Alto, CA 94304
                        Tel: (650) 858 6034
                        Fax: (650) 858 6100

Dated: September 29, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of September, 2006, a copy of the within pleading was electronically served through ECF upon:

Sibley P. Reppert, Esquire
William A. Scofield, Jr., Esquire

/s/ Amr O. Aly
Amr O. Aly

-6-

US1DOCS 5853879v1