IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| POWEROASIS, INC. and<br>POWEROASIS NETWORKS, LLC,<br><br>        Plaintiffs,<br><br>v.<br><br>WAYPORT, INC.<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 04-12023 RWZ |

## MOTION FOR RECONSIDERATION
## AND OBJECTION TO BILL OF COSTS

PowerOasis, Inc. and PowerOasis Networks, LLC ("PowerOasis") hereby move for reconsideration of this Court's order allowing the bill of costs filed by Wayport, Inc.

In its Opposition to Wayport's Bill of Costs filed previously, PowerOasis requested that the Court defer any award of costs as premature, in view of the appeal now pending before the U.S. Court of Appeals for the Federal Circuit. PowerOasis requests reconsideration of this Court's order allowing Wayport's bill of costs, and again requests that taxation of costs be postponed until the resolution of PowerOasis' pending appeal. As explained by the court in *Brown v. American Enka Corp.*, 452 F. Supp. 154, 160 (E. D. Tenn. 1976):

> Such costs should not be allowed until the appellate process is complete, and this action has been remanded to this Court for entry of a final judgment. *Mishawaka Rubber Woolen Mfg. Col. v. S.S. Kresge Co.*, C.C.A. 6th (1941), 119 F.2d 316, 326, reversed on other grounds (1942), 316 U.S. 203 . . . . This is because, should the costs be allowed to the defendant now, if the Court of Appeals reversed the judgment of this Court on appeal, it would appear the plaintiffs might be barred illogically and contrary to the statute [28 U.S.C. §1920], from taxing costs against the defendant . . . . In the exercise of the discretion committed to it in such matters, the Court hereby DIRECTS that the matter of allowance of costs herein be delayed until the pending appellate process is completed.

- 1 -

*Accord*, *Interactive Picture v. Infinite Pictures, Inc.*, 2002 U.S. Dist LEXIS 828 (E. D. Tenn. 2002); *American Infra-Red Radiant Co., Inc. v. Lambert Industries, Inc.*, 41 F.R.D. 161 (D. Minn, 5th Div., 1966) ("Having concluded that this matter is within the discretion of this Court…it is concluded in the exercise of discretion that the motion to continue taxation of costs pending the disposition of plaintiffs' petition for a writ of certiorari should be granted."); *see also, Kiska Construction Corp.-USA v. Washighton Metropolitan Area Transit Authority*, 2002 U.S. Dist. LEXIS 4116 (D.D.C. 2002) ("The interest in judicial efficiency and the absence of any prejudice to defendant compel me to recommend that this court exercise its discretion to await the resolution of the appeal before costs are taxed."). The same considerations apply here. Wayport will suffer no prejudice if the taxation of costs is deferred, but PowerOasis will be unfairly prejudiced if it is required now to post a bond or pay allowed costs and its appeal is later is determined to be meritorious.

Even if the taxation of costs is not postponed, PowerOasis objects to the bill of costs as allowed. PowerOasis has been informed by the Clerk that there are no formal guidelines for determining the proper taxation of costs in a civil case in this District. However, such guidelines are available from other Districts. A copy of the guidelines from the District of Minnesota, for example, is available and attached hereto as Exhibit A. While these guidelines are not binding legal authority, they represent a considered approach to the issue of what costs may be properly taxed. Under these guidelines, it is clear that certain of the costs included by Wayport are excessive and should not be allowable, including the following:

1. **<u>Deposition Transcripts and Video Depositions</u>**

Under the Minnesota guidelines the taxation of the cost of a deposition is limited to:

> "(1) depositions of persons who testified at trial; (2) depositions admitted into evidence; and (3) depositions which are submitted in connection with the event, generally summary judgment or trial, which terminated the litigation. The Clerk does not tax the costs of depositions taken for the purpose of discovery or trial preparation."

In addition, under the guidelines the cost of a video deposition is made on a case by case basis and may be allowed if a video deposition was necessary, but the guidelines state that "the Clerk will generally not tax the costs of both a video deposition and a transcript."

Wayport's bill of costs (Docket No. 122, attached hereto as Exhibit B) includes charges for depositions that were not submitted to the Court in connection with either Wayport's or PowerOasis' motion for summary judgment. Wayport's bill of costs also appears to include charges for video depositions (as seen from the amount of the charge). No video depositions were submitted to the Court.

The only deposition transcripts that were submitted to the Court by either PowerOasis or Wayport were for James Keeler (10/20/04), Edmond Cooley (11/17/05), Randolph Smith (10/12/05), and Richard Morley (1/9/06). The charges shown on Wayport's bill of costs for these witnesses are: $1,573.35 (R. Smith), $3,693.83 (R. Morley), $638.30 (J. Keeler), and $876.10 (E. Cooley), for a total of $6,781.58. The Smith and Morley depositions were taken by Wayport and were videotaped. Mr. Morley was also deposed by Wayport more than once, although only the transcript from 1/9/06 was submitted to the Court.

Subject to its renewed request that costs should not be allowed until after the resolution of the pending appeal, PowerOasis submits that only costs for the written transcripts of the depositions submitted to the Court should be allowed, and that any additional or duplicate costs

for videotaped depositions should be excluded. PowerOasis objects to any costs for other depositions, either videotaped or written, totaling $12,476.57, that were taken for the purpose of discovery or trial preparation and were not submitted to the Court. Since Wayport failed to submit invoices documenting its listed costs, PowerOasis requests that Wayport be required to submit documentation establishing the costs for the transcripts of the above-identified depositions of Messrs. Keeler, Smith, and Morley that were actually submitted to the Court, and that only those deposition costs be allowed.

PowerOasis further objects to the inclusion of "Travel and Subsistence Fees" for Mr. Keeler in the amount of $1,536.88. PowerOasis did not require that Mr. Keeler be produced for deposition in Boston, and offered to take his deposition in Texas.

    **2.**   **Photocopying Fees**

Under the Minnesota guidelines, "the Clerk will only tax the cost of copies which are provided to the Clerk as exhibits or which are required to be filed with the court or on opposing counsel. . . . The Clerk will not tax the copy costs of discovery documents, copies retained by counsel for counsel's use, or copies provided to clients."

Wayport's bill of costs includes a charge for "photocopying and exemplification fees" of $28,586.94. No documentation, itemization or other breakdown of this charge is provided.

Even at a high rate of $0.35 per page, this charge represents over 80,000 pages. Although Wayport states in a footnote that the "[a]ctual cost is reduced by 33% to reflect necessity and reasonableness," no other explanation of "reasonableness and necessity" is given. Clearly, Wayport did not file with the Court or serve on opposing counsel anywhere near 80,000 pages of documents and exhibits. PowerOasis objects to the charge for photocopying of $28,586.94 as

excessive.  PowerOasis requests that allowed costs be limited to reasonable copy charges for pleadings and exhibits that were required to be filed with the Court or on opposing counsel.

## CONCLUSION

For the above-stated reasons, PowerOasis requests that this Court withdraw its order directing PowerOasis to pay Wayport's costs pending resolution of PowerOasis' appeal.  In the alternative, PowerOasis requests that the costs deemed to be allowable be limited as stated above and that Wayport be required to produce documentation of said allowable costs.

> Respectfully submitted,
>
> POWEROASIS, INC. and
> POWEROASIS NETWORKS, LLC
> By their attorneys,
>
>
> /s/ William A. Scofield, Jr
> Sibley P. Reppert, B.B.O. No. 416900
> William A. Scofield, Jr., B.B.O. No. 448940
> LAHIVE & COCKFIELD, LLP
> One Post Office Square
> Boston, MA  02109-1784
> (617) 227-7400 (telephone)
> (617) 742-4214 (fax)

## CERTIFICATE OF SERVICE

I, William A. Scofield, Jr., hereby certify that I caused the foregoing to be served by via the Court's electronic filing system on counsel of record this 14th day of August, 2007

> /s/ William A. Scofield, Jr
> William A. Scofield, Jr.