IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| POWEROASIS, INC. and <br> POWEROASIS NETWORKS, LLC, <br><br> Plaintiffs- <br> Counterclaim Defendants, <br><br> v. <br><br> WAYPORT, INC., <br><br> Defendant- <br> Counterclaim Plaintiff. | Civil Action No.: 04-12023-RWZ <br><br> Hon. Rya W. Zobel |

**OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING DEFENDANT WAYPORT'S MOTION FOR COSTS AND DISBURSEMENTS**

In its Order dated July 23, 2007, this Court correctly endorsed Wayport's motion for costs and disbursements, and permitted PowerOasis to "postpone payment thereof until a decision by the Court of Appeals for the Federal Circuit by posting a bond in the amount of $55,000." PowerOasis now moves for reconsideration of this order based on (1) arguments either already properly rejected by this Court or (2) arguments that, although without merit, were available to PowerOasis prior to this Court's decision. PowerOasis has failed to demonstrate any manifest error of fact or law made by this Court in this matter. Therefore, PowerOasis's Motion for Reconsideration is improper and should be denied.

While Courts have discretion in determining whether to grant or deny a motion for reconsideration, "the reconsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Moore's Federal Practice §59.30[4], 3d ed. 2007. The Court may grant a motion for reconsideration in order to

(1) take account of an intervening change in controlling law, (2) take account of newly discovered evidence, (3) to correct clear legal error, or (4) prevent manifest injustice. *Id.* at §59.30[5][a][i]; *Corretjer Farinacci v. Picayo*, 149 F.R.D. 435, 437-439 (D.P.R. 1993) (purpose of motion is to correct manifest errors of law or fact, or previously unavailable material evidence). PowerOasis' motion for reconsideration seeks none of these remedies.

In its Opposition to Wayport's Bill of Costs, PowerOasis requested that this Court delay awarding costs to Wayport on the grounds that an award of costs prior to the resolution of their appeal to the Federal Circuit would be premature. PowerOasis elected to "reserve" its objections to specific items in the Bill of Costs, which PowerOasis considered to be premature despite the "presumption in favor of awarding costs to the prevailing party" and the consequent burden on the unsuccessful party to show circumstances sufficient to overcome this presumption. *See* Wayport's Response to PowerOasis's Opposition to Bill of Costs ("Wayport's Response") at 1, citing *Neles-Jamesbury, Inc. v. Fisher Controls Intern., Inc.*, 140 F. Supp. 2d 104, 104 (D.Mass. 2001). Aware of this burden, PowerOasis opted to rely solely on its false contention that an award of costs was untimely if granted prior to the outcome of an appeal to the Federal Circuit.

Now, in its Motion for Reconsideration, PowerOasis merely reiterates its view that an award of costs and disbursements prior to the outcome of an appeal is improper. In doing so, PowerOasis relies on case law solely from other circuits to support this contention, a contention contrary to First Circuit precedent (cited above). PowerOasis cites no new law or fact demonstrating any clear error of fact or law made by this Court in awarding costs and disbursements to Wayport. *Picayo*, 149 F.R.D. at 437-439.

In its Motion for Reconsideration, PowerOasis for the first time objects to costs for deposition transcript and video deposition as well as to what it argues is excessive photocopying

USIDOCS 6335528v1

fees, based solely on guidelines from Minnesota. PowerOasis cannot demonstrate, by citing to Minnesota guidelines, any manifest error of law or fact made by this Court, nor can PowerOasis be said to have presented previously unavailable material evidence. Thus, PowerOasis's Motion for Reconsideration should be denied. *Picayo*, 149 F.R.D. at 437-439.

For the reasons stated above, the Court should deny PowerOasis's Motion for Reconsideration.


Dated: August 27, 2007

Respectfully submitted,

**WAYPORT, INC.**

By its attorneys,

 /s/ Amr O. Aly
William F. Lee (BBO #291960)
David B. Bassett (BBO #551148)
Amr O. Aly (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: (617) 526-6000
Fax: (617) 526-5000


## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of August 2007, a copy of the within pleading was electronically served through ECF upon:

Sibley P. Reppert, Esquire
William A. Scofield, Jr., Esquire

 /s/ Amr O. Aly
Amr O. Aly

US1DOCS 6335528v1