IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

POWEROASIS, INC. and
POWEROASIS NETWORKS, LLC,

    Plaintiffs-Counterclaim Defendants,

v.

WAYPORT, INC.,

    Defendant-Counterclaim Plaintiff.

Civil Action No.: 04-12023-RWZ

## DEFENDANT WAYPORT, INC.'S MOTION FOR CONTEMPT ORDER

### I.

### INTRODUCTION

Defendant, Wayport, Inc. ("**Wayport**"), hereby moves this Court for an Order of Contempt with respect to PowerOasis, Inc.'s, and PowerOasis Networks, LLC's (collectively, "**PowerOasis**") blatant and willful violation of the Court's Order of July 23, 2007 (the "**Order**"). The Order required PowerOasis to compensate Wayport for its costs in the amount of $50,217.95 or alternatively to post a bond in the amount of $55,000 pending PowerOasis' appeal of the Court's summary judgment order to the Federal Circuit. Since the Order issued, PowerOasis has made no attempt to comply despite several inquiries and demands from Wayport. Accordingly, this Court should hold PowerOasis in contempt and appropriately sanction PowerOasis by requiring PowerOasis to pay the required amounts set forth in the Court's Order as well as Wayport's attorneys' fees and costs incurred in bringing this motion, or alternatively, requiring PowerOasis to assign to Wayport all of its rights, title, and interest in, U.S. Patents, Nos. 6,466,658 (the "**658 Patent**") and 6,721,400 (the "**400 Patent**") and pending patent application

nos. 11/245,443 and 11/387,871 (collectively, the "**Patents**") if PowerOasis asserts that it has no assets by which to satisfy the Court's Order.

## II.

## FACTS AND PROCEDURAL HISTORY

This Court is intimately familiar with the facts of this case. In very brief summary, Wayport was founded in 1996 and is a Delaware corporation with its headquarters in Dallas, Texas. Wayport has become a leading Internet Service Provider ("**ISP**"), providing high-speed Internet access ("**HSIA**") to mobile customers in hotels, airports, and other public places. PowerOasis is a New Hampshire corporation with its principal place of business in Nashua, New Hampshire. PowerOasis was in the business of installing and maintaining "vending machines" that provide electrical power and data ports for laptop computers and other electronic equipment. Instead of selling candy or toys, these vending machines sell electrical power and/or access to a telecommunications channel. In this litigation, PowerOasis asserted the '658 and '400 patents, which are both directed to "power and telecommunications access vending machines."

From the beginning, it was obvious to Wayport that the technologies described in the Patents were vastly different from and unrelated to Wayport's own WiFi technology. This Court ultimately agreed with Wayport when, after extensive briefing by the parties, it granted Wayport's Motion for Summary Judgment of Non-Infringement on May 10, 2007. At the same time, this Court denied PowerOasis' concurrently filed motion for summary judgment. Judgment entered in Wayport's favor as to the PowerOasis complaint as well as Wayport's cross-claim. Order of May 10, 2007 (Docket No. 117). PowerOasis appealed this Court's decision on May 14, 2007.

A month later, Wayport moved to recover costs and disbursements incurred during the

course of the litigation pursuant to FED. R. CIV. P. 54(d)(1). Over PowerOasis' objection, this Court allowed Wayport's motion and its bill of costs on July 23, 2007 and ordered PowerOasis to pay Wayport's costs and expenses, or in the alternative, to post a bond in the amount of $55,000.00 pending a decision by the Federal Circuit. Order, attached as <u>Exhibit A</u>. PowerOasis moved for reconsideration of the Court's decision on costs. In denying that motion on August 28, 2007, the Court confirmed its earlier ruling regarding Wayport's entitlement to costs and expenses under the rules. The Court's July 23, 2007 Order is not part of PowerOasis' appeal. PowerOasis has done nothing to challenge the Order and simply refuses to pay it.

It has been six months since the entry of the Order requiring PowerOasis to pay Wayport's costs and expenses or to post an appropriate bond pending appeal. PowerOasis has not made payment, nor has it posted a bond. Wayport has on several occasions requested that PowerOasis abide by the Order, but has received no response. As established in the record on summary judgment, PowerOasis has few, if any, assets remaining and may be unable to satisfy the Order. Indeed, at this point in time, the Patents may be the only asset owned by PowerOasis. If that is the case, this Court should require PowerOasis to turn over to Wayport the Patents in full or partial satisfaction of the amounts owed under the Order.

### III.

### ARGUMENT

#### A. POWEROASIS VIOLATED THE ORDER AND IS THEREFORE IN CONTEMPT OF COURT.

PowerOasis' conduct with respect to the Court's Order is blatant, willful and unapologetic, leaving Wayport with no other choice than to return to this Court to enforce the Order and recover what it is rightfully due. Contempt of court consists of the disregard of judicial authority. The Court's ability to punish contempt is an inherent and integral element of

its power and has deep historical roots. Sigety v. Adams, 632 F.2d 969, 976 (2d Cir. 1980), citing, WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, § 2960. As the Supreme Court stated in Ex Parte Robinson, 22 L.Ed. 205 (1874), "the power to punish for contempt is inherent in all courts; its existence is essential to the preservation of order in judicial proceedings, and to the enforcement of the judgments, <u>orders</u> and writs of the courts and, consequently, to the due administration of justice." (Emphasis supplied)

In addition to the common law, 18 U.S.C.A, § 401 gives the District Court statutory authority to punish contempt., by fine or imprisonment, at its discretion, for "Disobedience or resistance to its lawful writ, process, <u>order</u>, rule decree or command." 18 U.S.C.A, § 401. In civil contempt, fine and imprisonment are employed "as coercive sanctions to compel the contemnor to do what the law has made it his duty to do." Penfield Co. of Calif. v. SEC, 67 S.Ct. 918, 921, 91 L.Ed. 1117 (1947) (emphasis supplied). Specifically applicable to this case, "civil contempts provide a remedy for a party who has been injured by the violation of a court order." Hyde Constr.Co. v. Koehring Co., 388 F.2d 501, 511 (10th Cir. 1968), cert. denied, 88 S.Ct. 1654, 20 L.Ed.2d 419.

In accordance with the well-established law of contempt, PowerOasis' failure to comply with the Order is in contempt of this Court. There are no mitigating factors of which Wayport is aware, nor has PowerOasis made any effort to explain its contemptuous actions. Instead, PowerOasis hopes to avoid payment, and justice, by remaining silent. This court should not tolerate this blatant disregard of its orders and authority and hold PowerOasis in contempt.

    B.    <u>**THIS COURT SHOULD REQUIRE POWEROASIS TO TURN OVER THE PATENTS TO SATISFY THE ORDER.**</u>

Having established that PowerOasis' conduct constitutes contempt, Wayport also seeks adequate security for the amount of its costs and expenses. As part of its power, the District

4

Court has discretion to award reasonable attorney's fees and other expenses necessary to make an innocent party whole. Dow Chem. Co. v. Chemical Cleansing, Inc., 434 F.2d 1212 (5th Cir. 1970), cert. denied, 91 S.Ct. 1621, 29 L.Ed.2d 113 (1971). In that context, the District Court may also frame a sanction to fit the violation. Nabkey v. Hoffius, 827 F.Supp. 450 (D.C. Mich. 1993). Wayport requests that this Court make it whole with respect to what it is due under the Order and the attorney's fees and costs associated with bringing this motion. The only PowerOasis assets that Wayport has been able to identify are the Patents. If PowerOasis is not able to satisfy the terms of the order with the bond or by payment, PowerOasis should be ordered to assign the Patents to Wayport in partial satisfaction of the Order. Wayport should not be forced to wait any longer for compliance with the Order, and under the circumstances, turnover of the Patents is the only way the Order can be partially satisfied.

## CONCLUSION

For the reasons set forth above, Wayport respectfully requests that the Court find that PowerOasis is in contempt of court for failure to abide by the terms of the Court's July 23, 2007 Order, and issue such other and further relief as it deems just under, including but not limited to turnover of the Patents.

## LOCAL RULE 7.1(A)(2) CERTIFICATE

I, Amr O. Aly, hereby certify that on February 27, 2008, I had a telephone discussion with counsel for plaintiffs and attempted in good faith to resolve the issues regarding the Motion of Defendant Wayport Inc., for Contempt Order.

/s/ Amr O. Aly
Amr O. Aly

Dated: February 28, 2008

        **RESPECTFULLY SUBMITTED,**
        WAYPORT, INC., Defendant
        By its attorneys

/s/Amr O. Aly
William F. Lee (BBO #291960)
william.lee@wilmerhale.com
David B. Bassett (BBO #551148)
david.bassett@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000
Fax: (617) 526-5000

Amr O. Aly (admitted *pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, NY 10022
Tel: (212) 230-8800
Fax: (212) 230-8888
amr.aly@wilmerhale.com

<u>CERTIFICATE OF SERVICE</u>

Pursuant to Local Rule 5.4, I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on February 27, 2008.

/s/ Amr O. Aly
Amr O. Aly