IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| POWEROASIS, INC. and <br> POWEROASIS NETWORKS, LLC <br><br> Plaintiffs, <br><br> v. <br><br> WAYPORT, INC. <br><br> Defendant. | Civil Action No. 04-12023-RWZ |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR CONTEMPT ORDER**

Plaintiffs, PowerOasis, Inc. and PowerOasis Networks LLC, hereby oppose Defendant Wayport, Inc.'s Motion for Contempt Order. In support of their Opposition, Plaintiffs submit the Declarations of Thomas M. Duff, Jr. and William S. Joransen.

**I.   FACTS**

1.   In this action, filed September 19, 2004, Plaintiffs allege that Wayport infringes two United States patents. In a parallel action, filed February 7, 2005, Plaintiffs allege that T-Mobile USA, Inc. infringes the same two United States patents. (*PowerOasis, Inc. and PowerOasis Networks LLC v. T-Mobile USA, Inc.*, Civil Action No. 05-CV-42-B (D.N.H.).

2.   This Court and the District of New Hampshire disagreed regarding the proper construction of the asserted claims. Their constructions are diametrically opposed to each other.

3.   The District of New Hampshire granted summary judgment of patent invalidity in the *T-Mobile* action on March 30, 2007.

4. By Order dated May 10, 2007, on the basis of its claim construction, this Court entered summary judgment of non-infringement, and denied Plaintiffs' motion for summary judgment of infringement.

5. Plaintiffs appealed from the summary judgments in both cases. The appeals were consolidated, and the U.S. Court of Appeals for the Federal Circuit heard argument on both appeals on February 4, 2008.

6. On June 15, 2007, while the appeals were pending, Wayport filed its Bill of Costs in the amount of $50,217.95.

7. Plaintiffs opposed Wayport's Bill of Costs on the ground that an appeal was pending in this action and that no award of costs should be made until the appeal was resolved. In addition, Plaintiffs objected to certain specific items in the Bill of Costs and reserved their arguments regarding such objections until the appeal was resolved.

8. On July 23, 2007, this Court allowed Wayport's Bill of Costs and further ordered that Plaintiffs may postpone payment until a decision by the Court of Appeals for the Federal Circuit by posting a bond in the amount of $55,000.

9. On August 14, 2007, Plaintiffs moved for reconsideration and objected to Wayport's Bill of Costs. In support, Plaintiffs cited precedent holding that costs should not be allowed until the appellate process is complete. Plaintiffs argued that Wayport would suffer no prejudice if the taxation of costs were deferred, but that Plaintiffs would be unfairly prejudiced if they were required to pay costs or post a bond, and their appeal in this action was later determined to be meritorious.

10. On August 28, 2007, this Court denied Plaintiffs' Motion for Reconsideration.

11. The failure of Plaintiffs to post a bond did not result from any willful disregard of any order of this Court. Plaintiffs did not post a bond because they lack the funds to do so. (Duff Decl., ¶11; Joransen Decl., ¶9)

12. PowerOasis, Inc. is insolvent. PowerOasis has only $542.42 in its bank account and no assets other than its patent portfolio, $10,242 in obsolete inventory, and $7,684 in a limited trademark portfolio. It has no receivables, and earned no income in 2007 or 2008. It does not anticipate receiving any income for any source other than the pending litigations or any further litigations brought on the basis of its intellectual property. PowerOasis has liabilities exceeding $600,000. (Duff Decl., ¶¶6-8)

13. PowerOasis Networks, LLC is also insolvent. It has only $715 in its bank account, and it has liabilities of $15,000. PowerOasis Networks has no receivables and earned no income in 2007 or 2008. Other than any income that may result from the present litigation, PowerOasis Networks does not anticipate earning any income in the future. (Joransen Decl., ¶¶5-7)

14. If Wayport is permitted to take action to collect upon this Court's Order allowing its Bill of Costs, PowerOasis, Inc. and PowerOasis Networks, LLC will have no option other than to file for bankruptcy. (Duff Decl., ¶13; Joransen Decl., ¶11)

15. In the event that Plaintiffs are required to file for bankruptcy and this Court is later reversed by the Court of Appeals, Plaintiffs will suffer undue prejudice and harm. In addition to the additional costs associated with operation under Chapter 11, this action would make the Bankruptcy Court a party to this litigation and any settlement. (Duff Decl., ¶14; Joransen Decl., ¶12)

II. **ARGUMENT**

The Plaintiffs are not in contempt of any order of this Court. While they have not posted a bond in the amount of $55,000, their failure to do so was not caused by any willful disregard on their part, but rather by a lack of sufficient funds.

Disregarding the pending appeal, Wayport requests that this Court "require" Plaintiffs to pay the amounts set forth in the Court's Order of July 23, 2007, or alternatively, to assign to Wayport all of their rights, title, and interest to the patents-in-suit and the pending patent application. This request reveals Wayport's true motive, which is to punish Plaintiffs for bringing a lawsuit which they were lawfully entitled to bring, and unfairly to deprive them of their only asset, namely their intellectual property.

As explained by Messrs. Duff and Joransen in their declarations, PowerOasis, Inc. and PowerOasis Networks, LLC are insolvent, and possess substantial liabilities to other creditors. If Wayport is permitted at this time to take action to collect upon this Court's Order allowing Wayport's Bill of Costs, Plaintiffs will have no option other than to file for bankruptcy. Such a filing will be of no benefit to Wayport, and will result in extreme prejudice and harm for Plaintiffs in the event that they prevail in their appeals.

The alternative relief requested by Wayport – the forced assignment of the patents-in-suit-- would work great injustice. If (as PowerOasis believes to be likely) the Federal Circuit adopts the claim construction of the District of New Hampshire and reverses the outstanding judgment of this Court, either the assignment would have to be reversed or Wayport would end up with a windfall and Plaintiffs would unfairly be deprived of their only asset. In addition, Wayport, as assignee of the patents, would incongruously be a position to appropriate Plaintiff's

work product and assert the patents against its competitors, such T-Mobile.  On the other hand, if the Federal Circuit affirms this Court, Wayport will have been granted an improper preference as against other creditors of Plaintiffs.

Wayport is, by its admission, a "leading Internet service provider" (Wayport Motion at 2), and cannot seriously claim to be prejudiced by the present inability of Plaintiffs to post a bond in the amount of $55,000 pending resolution of the appeal, since the appeal has already been argued and is likely to be decided within several months by the Federal Circuit. Furthermore, if the Federal Circuit rules against Wayport, the Order granting its Bill of Costs will undoubtedly be rescinded, and Plaintiffs may themselves eventually be entitled to an award of their own costs against Wayport.

Wayport should not be permitted to take unfair advantage of the fact that the Plaintiffs are currently insolvent and possess substantial liabilities, particularly where, as here, the Plaintiffs' current financial condition was caused at least in part by the infringing activities of Wayport.  At the time Plaintiffs filed this action, they were a going concern with operations in dozens of airports around the country.  Infringers such as Wayport and T-Mobile took advantage of the business opportunity originally created by the Plaintiffs to their financial detriment.

In the interest of fairness and judicial efficiency, Plaintiffs urge that this Court refrain from taking actions that would require them to declare bankruptcy during the few months that remain until the Federal Circuit renders its decision, and that would cause extreme prejudice and harm to Plaintiffs.

- 6 -

          Respectfully submitted,

          POWEROASIS, INC. and
          POWEROASIS NETWORKS, LLC
          By their attorneys,


          _____/s/Sibley P. Reppert_____
          Sibley P. Reppert, B.B.O. #416900
          William A. Scofield, Jr., B.B.O. #448940
          LAHIVE & COCKFIELD, LLP
          One Post Office Square
          Boston, MA  02109-1784
          (617) 227-7400
          (617) 742-4214

Dated:  March 3, 2008

## CERTIFICATE OF SERVICE

    I, Sibley P. Reppert., hereby certify that I caused the foregoing to be served by the Court's ECF system on counsel of record this 3rd day of March, 2008


          _____/s/Sibley P. Reppert_____
          Sibley P. Reppert